Submitted on briefs March 24, decided April 19, 1910.

## NICKLAUS v. GOODSPEED.

[108 Pac. 135.]

SCHOOLS AND SCHOOL DISTRICTS—CHANGE OF BOUNDARIES—POSTING OF NOTICE—PROOF—SUFFICIENCY.

1. Under Section 3365, B. & C. Comp., as amended by Sess. Laws 1903, p. 125, providing that the district boundary board may, at its discretion, on petition of three or more legal voters, change or divide the districts of its county, and that the superintendent shall cause to be posted, etc., notices for the proposed change, an affidavit of the posting of the notices made by the superintendent and filed in his office, was sufficient proof of the posting, no statute requiring such proof to be made in any particular manner.

SCHOOLS AND SCHOOL DISTRICTS—CHANGE OF BOUNDARIES—"DISCRETION."

2. Under Laws 1907, p. 193, the county school superintendent and the county judge and commissioners constitute a board for dividing the county into convenient school districts. Section 3365, B. & C. Comp., as amended by Laws 1903, p. 125, provides that the district boundary board in its discretion may, on the petition of three or more legal voters, change or divide the districts of the county. Laws 1907, p. 194, § 4,

provides that when any organized school district shall cease to maintain a public school for two years or to contain at least six children, then all the moneys in the hands of the district clerk or board of directors shall be turned over to the district boundary board for three years thereafter, and if during that time such district shall maintain a public school therein, and shall contain at least six children, the board shall surrender the money, etc., to the directors of the district; but that on failure of the district to comply with such provisions it shall become unorganized territory and cease to be a district. *Held* that, no power being granted to the boundary board to abolish a district, the board could not change the boundaries of a district so as to leave less than six children therein, the word "discretion," as used in the statute, not meaning absolute or arbitrary power, to be exercised to the injury of another.

From Tillamook: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE McBRIDE.

On December 20, 1907, there was filed in the office of the county school superintendent of Tillamook County two petitions, identical in language and purport, signed by the legal voters for school purposes in school districts Nos. 32 and 50, respectively, praying for a change in the boundaries of those districts, so as to include a portion of district No. 50 within the boundaries of district No. 32. On December 21, 1907, there was issued from the office of the county school superintendent notices of such proposed change signed by him, which were posted as required by law, and on the 3d day of January, 1908, an affidavit was filed by W. D. Gladwill, showing the proper posting of the notices, but not stating that he was authorized by the superintendent to perform such duty. On January 4, 1908, the district boundary board being in session, the appellant and one Jacob Kumm, appeared before the board and objected to the proposed change, and moved to dismiss the petition upon two grounds: (1) Because the proposed change would leave district No. 50 with only four children of school age, which would result in a disorganization of the district; and (2) because sufficient proof of posting notices of the proposed change had not been made. The board disregarded the motion, and made the change conformably to the petitions. Plaintiff sued

out a writ of review to the circuit court, and from an order dismissing the writ he appeals to this court.

REVERSED.

For appellant there was a brief over the names of *Messrs. Talmage & Johnson.*

For respondents there was a brief over the name of *Mr. William H. Cooper.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The objection to the proof of posting notices of the proposed change is untenable. Section 3365, B. & C. Comp., as amended by Sess. Laws 1903, p. 125, provides that the district boundary board may "at its discretion, upon petition of three or more legal voters interested, change or divide the districts of its county;" and the same section, as amended, provides that the superintendent "shall cause to be posted," etc., notices for the proposed change. The notices posted as shown by the record were signed by the superintendent. The affidavit of posting was filed in his office and he is *ex officio* a member and secretary of the district boundary board. When he presented these notices and the proof of posting them, the board had sufficient evidence to justify it in finding that he had caused them to be posted, especially in the absence of any statute expressly requiring such proof to be made in any particular manner, or, indeed, at all.

2. The second objection is more serious, and for a proper understanding of the matters involved it will be necessary to consider certain provisions of the statute:

(1) The county school superintendent and the county judge and commissioners constitute a board for dividing the county into convenient school districts. Laws 1907, p. 193.

(2) The district boundary board in its discretion may, upon the petition of three or more legal voters, change or divide the districts of its county. Section 3365, B. & C. Comp., as amended in 1903 (Laws 1903, p. 125).

(3) When any organized school district within the State of Oregon shall for any reason cease to maintain a public school for two years, or shall for two years cease to contain at least six children of school age, then all moneys in the hands of the district clerk or board of directors shall be turned over to the district boundary board, and it shall be the duty of such district boundary board to take care of the money and other property for the term of three years thereafter, and if, during that time, such district shall maintain a public school therein, and shall contain at least six children of school age, then the boundary board shall surrender the money, and other property to the legal directors of the district. Laws 1907, p. 194, § 4.

The same section also provides that, upon failure of the district to comply with the provisions above set forth, it shall become unorganized territory and cease to be a district.

The record of the proceedings of the board shows that plaintiff, his wife, and another property owner in district No. 50, filed affidavits, showing that if the proposed change is made there will remain only four children of school age in district No. 50. There is no countershowing nor any finding that contradicts these affidavits. Neither is there anything in the record showing that the board heard any testimony upon the subject. The manifest effect of the proposed change, therefore, would be to deprive the four children of plaintiff of the benefit of a school and eventually to disorganize the district. While we are willing to concede the wonderful productiveness of Tillamook County, we must take conditions as we find them, and will not speculate on the probability that other children may be born or arrive at school age in time to save the district from final dissolution. There is no power granted to the district boundary board to abolish or destroy a district, and where such power is not granted it does not exist. *School District* v. *Palmer,* 41 Or. 485 (69 Pac. 453.) What the board cannot do directly, it

cannot do indirectly. Some emphasis is laid on the word "discretion," as used in the statute in connection with the powers granted the board, but discretion and arbitrary power are far from being synonymous terms. "Discretion, when vested in an officer, however, does not mean absolute or arbitrary power. The discretion must be exercised in a reasonable manner, and not maliciously, wantonly, and arbitrarily, to the wrong and injury of another. *Taylor* v. *Robertson,* 16 Utah, 330 (52 Pac. 1.) In the case at bar, while we do not question the good intent of the board and their desire to do justice in the premises, we are satisfied that the effect of their decision is to deprive the children of plaintiff of the privilege of attending a public school in their own district, and eventually to abolish the district; and that it was not an act governed and regulated by a sound discretion, but arbitrary and unjust.

The decree of the circuit court will be reversed and the action of the district boundary board set aside.

REVERSED.