Argued May 4, affirmed May 18, 1915.

## MAGILL v. FRENCH, COUNTY JUDGE.

(148 Pac. 878.)

**Schools and School Districts—Boundary—Construction.**

1. Under Section 3965, L. O. L., declaring that the superintendent and county court, or board of commissioners in counties where the board is a separate body, shall constitute a board for the laying off of the county, in convenient school districts, and such board shall make changes when petitioned to do so, the laying off of boundaries for school districts does not constitute part of the business of the County Court, and a failure to record such action in the journals of the court does not render the proceeding void; the board being a distinct and separate body from the County Court.

**Schools and School Districts—Public Schools—Division of District.**

2. Under Section 4021, L. O. L., declaring that before any new district shall be established, or change made in the boundaries of any existing school district, the superintendent shall post written notices of the boundaries of the new district and of the session of the board when it shall be done, the expression "session" does not refer to sessions of the county court, but to sessions of the board for changing a district, which is composed of members of the County Court and the superintendent of schools.

**Schools and School Districts—Boundaries of District—Change.**

3. The law does not require proof of the posting of notices of proposed changes in school districts.

Schools and School Districts—Change of Boundaries—Notice.

4. One attacking a change in the boundaries of a school district, on the ground that no notice was given, has the burden of establishing that fact.

Schools and School Districts—Boundaries—Change.

5. Under Section 3965, L. O. L., providing that the superintendent and the County Court or board of county commissioners shall constitute a board for the laying off of the county into school districts, and may, when petitioned to do so, change districts, the authority of the board does not depend on the number of petitioners for a change or the number of remonstrators.

Evidence—Presumptions—Performance of Official Duty.

6. There is a presumption that officers, such as commissioners of. the county and school superintendent, are fair men.

From Wallowa: MR. JOHN W. KNOWLES, Judge.

In Banc.   Statement by MR. JUSTICE McBRIDE.

This is a writ of review proceeding by S. L. Magill, C. E. Glenn, C. W. Womack and S. P. Crow against the district boundary board of Wallowa County, consisting of J. A. French, county judge, L. Couch and W. P. Newby, county commissioners, and J. C. Conley, superintendent of schools, concerning their action in dividing school district No. 7 and creating out of a portion thereof a district designated as district No. 83. The petition for such division, omitting description of its boundaries, is as follows:

"We, the undersigned, legal voters of school district No. 7 of Wallowa County, Oregon, believing it to be for the best interests of all concerned, do most respectfully ask that the boundaries of said district be changed to read as follows: * * "

This petition was signed by several legal voters of the district, and was filed July 25, 1914. At the same time there was presented a petition, regular in form and properly signed, praying for the establishment of a new district out of the territory to be taken from district No. 7 by the proposed alteration of its bound-

aries. Notices of the proposed change were issued by the superintendent, but until the issuance of the writ of review and before the return thereof, there had not been filed any proof of the posting of such notices, except a letter from R. H. Haun to the school superintendent, of which the following is a copy:

"Evans, Oregon, 7—31, 1914.
"Mr. J. C. Conley, Enterprise, Oreg.
"Dear Sir: I posted these school notices yesterday, July 30, 1914, one on each postoffice and the others in the most public places on road corners.

"Yours truly,
"R. H. HAUN."

After the writ had been issued in this case, and before the return thereto had been made, Haun filed an affidavit in the nature of an amended return, showing generally a full compliance with the statute in relation to posting the notices. There was a numerously signed remonstrance against the petitions, but the board ordered the division and the organization of district No. 83. From an order of the Circuit Court, dismissing the writ of review, plaintiffs appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Francis S. Ivanhoe.*

For respondents there was a brief over the names of *Mr. Daniel Boyd* and *Mr. Daniel W. Sheahan,* with an oral argument by *Mr. Boyd.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. It is contended that the proceedings of the judge and county commissioners, sitting with the superintendent in the adjustment of district boundaries, con-

stitute a part of the business of the County Court, and that the failure to make a record of them in the journals of the court rendered the proceedings void. Section 3965, L. O. L., is as follows:

"The superintendent and the County Court, or the board of commissioners in counties where this board is a separate body, shall constitute a board for laying off his county in convenient school districts, such board to be styled the district boundary board. Said board shall make alterations and changes in the same when petitioned so to do, in the manner hereinafter specified; and the superintendent shall make a record showing the boundaries and numbers of all the districts in his county so established and organized. The county judge shall be *ex-officio* chairman of said board, and the superintendent *ex-officio* secretary; except, where the board of county commissioners is a separate body, the chairman of the board shall be chairman. The superintendent and two members of the county board shall constitute a quorum for the transaction of business."

The phraseology of this section is peculiar, but we are of the opinion that the true intent of the legislature was to constitute the members of the County Court individually *ex-officio* members of the district boundary board, and that such board is a separate and distinct body from the County Court. Under our Constitution as it stood when this law was enacted it was impossible to introduce a fourth member into the County Court for any purpose, and yet such would have been the effect if we should adopt counsel's theory, and this construction would render the law void. The effect of the section quoted is to create a separate and distinct board, charged with the administrative duty of laying out new districts, prescribing their boundaries, and changing when necessary the

boundaries of districts already in existence, and whose proceedings are governed by the statute creating it. The only record of the proceedings of the board which the law requires to be kept is specified in the section quoted, which prescribes:

"The superintendent shall make a record showing the boundaries and numbers of all the districts in his county so established and organized."

Such record was made in this case.

2. It is contended that the word "session," used in Section 4021, L. O. L., in connection with the notice of proposed change of boundary, means "session of the County Court," but this is clearly negatived by the language used, which is:

"Before any new district shall be established, or change shall be made in the boundaries of any existing district, the superintendent shall cause to be posted in three public and conspicuous places in such proposed district, or in each of the existing districts, at least ten days before action is taken, as herein provided, written or printed notices of the boundaries of the proposed new district, or the changes to be made in the boundaries of any existing district, and *of the session of the board* when the same will be done."

The copies of the notices in the record here show that they comply in form with this requirement.

3, 4. The contention that the action of the board was void because they did not have before them any legal proof that the notices had been properly posted cannot be upheld. As stated in *Nicklaus* v. *Goodspeed,* 56 Or. 184 (108 Pac. 135), the law does not require any proof of service of notice; and, this being the case, jurisdiction to make the change did not depend upon a return as to the posting of notices, but upon the fact as to whether such notices were actually

76 Or.—16

posted. In such case the burden of proof is upon the party attacking the proceedings to show that no legal notice was given: *Pagels* v. *Oaks,* 64 Iowa, 198 (19 N. W. 905); *Foster* v. *Board of County Commissioners,* 84 Minn. 308 (87 N. W. 921). The letter of Haun, while not sufficient in itself to show that the notices were properly posted, does not indicate that they were not. Considered as a return it is incomplete, and conceding, without deciding, that it and his subsequent amended return, showing full compliance with the statute, should be rejected, the petitioners in this writ cannot contest upon review the sufficiency of the proceedings of the board by reason of lack of proof of posting notices where the statute has not required such proof to be made.

5. In the case at bar the authority of the board to make the change does not depend upon the number of persons subscribing to the petition or remonstrance. It can act favorably upon the petition of only three legal voters against the remonstrance of 300, if in its judgment the change should be made. Neither is it analogous to a petition for locating a public highway, where the property of a citizen may be taken for public use, or of a street improvement, where a tax lien may be created upon the property of a citizen, in which a stricter rule is sometimes observed than in cases like the present, where mere matters of expediency or convenience are involved.

6. There is nothing in the record here to show any abuse of discretion. The board is composed of public officers elected by the people and presumably fair men. They are upon the ground and better capable of appraising the situation than we, who have only the petition and remonstrance from which to judge of the propriety of their action.

We find no substantial error in the record, and the order of the Circuit Court is affirmed.

AFFIRMED.