# BOARD OF COUNTY COMMISSIONERS OF PRINCE GEORGE'S COUNTY v. DONOHOE

[No. 257, September Term, 1958.]

*Decided June 29, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Robert B. Mathias,* with whom was *Harry L. Durity* on the brief, for appellant.

*Ralph W. Powers* for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellee, as the owner of a tract of about forty acres of land, located on Oxon Hill and Kirby Hill Roads in that part of Prince George's County which was added to the Mary-land-Washington Regional District by Chapter 698 of the Acts of 1957, filed a petition with the Board of County Commis-sioners of Prince George's County as a District Council (the Council), the appellant, for the rezoning of this tract from a Rural Residential (RR) classification to a higher density clas-

sification for residential use, designated as R-55. The property had been zoned RR in November, 1957, as a matter of original zoning. The petition was considered by the Maryland-National Capital Park and Planning Commission and its Technical Staff. The Staff made a report recommending the denial of the petition, and this report was approved by the Park and Planning Commission, which also recommended that the petition be disapproved. The Council held a hearing on the matter on April 16, 1958, and denied the petition. The appellee then filed a petition for review in the Circuit Court for Prince George's County. That Court first overruled a demurrer interposed by the Council and then, over objection by the Council, took testimony *in extenso*. At the conclusion of the hearing the Court delivered an opinion holding that the action of the Council was arbitrary and illegal. A few days later, on December 24, 1958, the Court entered an order in conformity with that opinion, which reversed the decision of the Council and ordered "that the property be and it hereby is zoned 'R-55' on condition that the minimum standards established by the preliminary plat filed herein be maintained." The Board of County Commissioners appeals, and no question is raised as to its right to do so. The appeal brings up for review not only that order, but also the questions raised by the demurrer. The specific grounds of demurrer included three attacks upon the constitutionality of Chapter 712 of the Acts of 1957 (Ch. 712) under which the appellee's petition for review was filed. The first challenges the sufficiency of the title of Ch. 712; the second is based upon alleged violation of the doctrine of separation of powers (Maryland Declaration of Rights, Article 8) in that Ch. 712 attempts to confer a legislative power (power to zone) upon a court; and the third, also based on the separation of powers, is that Ch. 712 imposes a "legislative" power upon the court in that the court is to base its decision on the weight, as distinguished from the legal sufficiency, of the evidence in zoning matters. We find it necessary in this case and at this time to decide only the first of these constitutional questions.

The other principal question presented on this appeal is whether or not Ch. 712 authorized the taking of testimony in

the Circuit Court as if in a proceeding *de novo,* on a petition for review of the action of the Council in a zoning matter.

The appellant's first argument against the sufficiency of the title (and the only one, we think, which its demurrer presented), as we understand it, is to this effect: that Ch. 992 of the Acts of 1943, which created the Maryland-Washington Regional District in Montgomery and Prince George's Counties is a bi-county act, and not a public local law of either county; that although Sec. 2-S of that Act was codified in the Public Local Laws of Prince George's County (1953 Ed.) as Sec. 1113, it remained a bi-county act; that any amendment of it, as by Ch. 712, was an amendment of a law applicable as well to Montgomery County; and that since the title made no reference to an amendment of the law applicable to Montgomery County, it was insufficient to describe the Act and the Act is therefore void.

We find no merit in this contention. The 1953 Edition of the Code of Public Local Laws of Prince George's County was "legalized" by Ch. 339 of the Acts of 1953. There is no difficulty in identifying the law with which Ch. 712 undertook to deal. It referred specifically, both in its title and in the body of the Act, to "Section 1113 (a) of the Code of Public Local Laws of Prince George's County (1953 Edition), being Article 17 of the Code of Public Laws of Maryland, title 'Prince George's County', sub-title 'Maryland-Washington Regional District' ", which it amended and repealed, and it likewise spoke of adding and did add "new Sections 1113 (d) and 1113 (e) to said Article and sub-title". Anyone troubling to read the title would know that Ch. 712 undertook to amend a law relating to the Maryland-Washington Regional District insofar as the portion of that District lying in Prince George's County was concerned.[1]

Any argument that because Ch. 998 of the Acts of 1943 was

1. We may also note Ch. 690 of the Acts of 1953 amended what was then Section 988 of the 1943 Edition of the Code of Public Local Laws of Prince George's County (which became Sec. 1113 (a) in the 1953 Edition). Ch. 690 was enacted as an amendment of the Public Local Laws of Prince George's County only. It made no reference to Montgomery County or to the bi-county statute.

a bi-county act, any amendment thereof had to be a bi-county act is quite untenable. There were no vested rights of any party involved, and the General Assembly of 1943 could not, if it would (and we have no reason to suppose that it desired to do so), bind its successors. *Montgomery County v. Bigelow,* 196 Md. 413, 423, 77 A. 2d 164; *State v. Fisher,* 204 Md. 307, 315, 104 A. 2d 403; *Wright v. Wright,* 2 Md. 429, 449; *Davis v. State,* 7 Md. 151, 159.

The appellant, in this Court, also undertook to challenge the sufficiency of the title of Ch. 712 on the ground that the clause following the statement of the purpose of repealing and re-enacting with amendments Section 1113 (a), *supra,* and of adding two new Sections, which describes the general nature of the Act, is misleading. This clause described the Act as "providing for stenographic records and transcripts of proceedings before the District Council and providing generally for appeals from hearings in zoning map amendments before said Council." The exact point of attack is that the title does not specify the extent of the powers conferred upon the Court upon appeal. If this objection is properly before us (which seems doubtful from the language of the demurrer), we find it, too, lacking in merit. A title need not give an abstract of the Act. It is sufficient that the purpose of a statute be described in its title and it is not required that the means by which that title is to be effected be set out. *Allied American Mutual Fire Ins. Co. v. Commissioner of Motor Vehicles,* 219 Md. 607, 150 A. 2d 421; *Neuenschwander v. Washington Suburban Sanitary Comm.,* 187 Md. 67, 79-80, 48 A. 2d 593, and cases therein cited. We find no likelihood of deception. See *Pressman v. State Tax Comm.,* 204 Md. 78, 91-92, 102 A. 2d 821. Further discussion of this point and more extensive citation of authority seems superfluous.

The question of the extent to which the Circuit Court for Prince George's County may go in taking testimony on review arises under Ch. 712. The order of the Circuit Court in this case recites that it is entered "[u]pon consideration of the Petition for Review, the record of the proceeding under review, *testimony to clarify said record* and argument of counsel." (Italics supplied.) The provisions of the statute relating to

the taking of testimony in review proceedings are contained in Section 1113 (d), *supra,* which was added by Ch. 712.

The fourth paragraph of that Section, after providing for the transmission of the record before the Council to the Court (with a provision for shortening it by stipulation), concludes with this sentence: "The court may require or permit subsequent corrections or additions to the record when deemed advisable."

The fifth paragraph of that Section reads as follows:

> "If, before the date set for hearing, application is made to the court for leave to present additional evidence on the issues in the case, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the District Council, the court may order that the additional evidence be taken before the *District Council* upon such conditions as the court deems proper. In cases in which the additional evidence is taken before the District Council, it may modify its findings and decision by reason of the additional evidence and shall file with the reviewing court, to become a part of the record, the additional evidence, together with any modifications or new findings or decision." (Italics supplied.)

The sixth paragraph provides in part that: "In cases of alleged irregularities in procedure before the District Council not shown in the record, testimony thereon may taken in the court."

The instant case was heard before the Council on oral evidence consisting of a detailed statement by counsel for the then petitioner (now appellee), testimony or a statement by an official of the Maryland-National Capital Park and Planning Commission in opposition to the petition and testimony or statements of several owners of property in the neighborhood (among them the president of a neighborhood association) also in opposition. There was also documentary evidence in the form of maps or plats and reports.

From the recital in the order with regard to "testimony to

clarify said record" it may be inferred that the trial court relied upon the fourth paragraph of Sec. 1113 (d), *supra,* to support the admission of the challenged testimony. The argument on behalf of the appellee and the comments of the Court during the discussion as to the admissibility of this testimony do not add much to show the basis for admissibility. The appellee claimed then, as he claimed in this Court, that the admission of this testimony merely put before the Court in familiar form what had been before the Council in different form.

We find nothing in the statute to sustain its admissibility.

The last sentence of the fourth paragraph of Sec. 1113 (d), quoted above, is concerned solely with getting before the Court an accurate and complete record of what was before the Council. It says nothing about clarifying and nothing about amplifying or emphasizing evidence which was before the Council.

The fifth paragraph offers the appellee no more help. Even if the appellee had complied with its prerequisites of making an application before the hearing and of showing good reasons why the evidence was not produced before the Council (neither of which he complied with), the most that he could have obtained was a remand to the Council for the taking of the additional testimony and for further consideration and possible redetermination. (Possibly he could have offered testimony in court in support of an application for remand, but the testimony here in controversy was not offered or admitted for any such purpose.)

The sixth paragraph of Sec. 1113 (d) is wholly inapplicable, since the testimony was not directed to showing any irregularities in procedure before the Distict Council not shown on the record.

If we entertained any doubt that Ch. 712 of the Acts of 1957 does not authorize the introduction of the testimony here objected to, it would be removed by a comparison of Ch. 712 with the Administrative Procedure Act, Ch. 94 of the Acts of 1957. Ch. 712 is very similar in most, but markedly different in two, respects relating to judicial review to Sec. 226 of the Administrative Procedure Act, which originated as S. B. 1 in the 1957 Legislature. That Bill was amended dur-

ing its course through the General Assembly so as to permit the taking of additional testimony in the reviewing court. No such provision is included in H. B. 864, which became Ch. 712. The sixth paragraph of Sec. 1113 (d) is, however, identical with Sec. 226 (f) of the Administrative Procedure Act as amended and as finally enacted.[2] Ch. 712 also included as grounds for judicial reversal, remand or modification, in identical or virtually identical language, the same grounds which are contained in paragraphs (1) to (8), inclusive, of Sec. 226 (g) of the Administrative Procedure Act, with two exceptions. Ch. 712 omits entirely the seventh ground stated in Sec. 226 (g), which provides for reversal, etc., of agency action which is "unsupported by the entire record, as submitted by the agency *and including de novo evidence taken in open court.*" (Italics supplied.) Ch. 712 also omits an important part of the sixth ground stated in Sec. 226 (g). That ground in Sec. 226 (g) reads as follows: "Against the weight of competent, material and substantial evidence in view of the entire record, as submitted by the agency *and including de novo evidence taken in open court; or*". (Italics supplied.) Ch. 712 omits the italicized words. Deliberate choice seems an inescapable conclusion as to the omissions.

It is almost superfluous to point out that in amending Sec. 1113 (a), *supra,* Ch. 712 added a requirement for a stenographic report of hearings on petitions for zoning map amendments.

The fifth paragraph of Sec. 1113 (d) makes it abundantly clear that evidence is to be considered and determinations based thereon are to be made in the first instance by the Council and not by the Circuit Court. That Court sits as a reviewing court in proceedings under Sec. 1113 (d). Indeed, it is so referred to in the third paragraph of that Section. It is not authorized to try *de novo* the cases which it is called upon to review. That is substantially what it did in the instant case—with the important exception that only one side was prepared and therefore in a position to try the case on the basis of a trial *de novo.*

---

2. This is now Sec. 255 of Article 41 of the 1957 Code.

We cannot regard the error as harmless, even though there may have been no substantial difference between the facts to which the appellee's witnesses testified in the Circuit Court and those which counsel for the appellee set forth in his statement before the Council. The actual result of the procedure adopted was that the case was tried before the Circuit Court in a manner not authorized by the statute, and we think it reasonable to assume that the trial judge reached his conclusions on the evidence as presented before him. Thus the court did not have the benefit of the Council's judgment on the evidence upon which the court acted, as the statute contemplated it should. In addition, because of the greater weight and impact which the live testimony of witnesses on the stand is apt to have in comparison with a mere reading of the written testimony of other witnesses given at another time and before someone else, we think that the appellee obtained an undue advantage through the procedure that was followed.

We are of the opinion that the disregard of the statutory limitation upon taking testimony in court on reviewing zoning action by the Council requires a reversal of the decree and a remand of the case for further proceedings not inconsistent with this opinion. Cf. *Hedin v. Bd. of Co. Comm'rs of Prince George's County,* 209 Md. 224, 236, 120 A. 2d 663. We do not know what the result of such proceedings may be. Since we cannot tell whether the ultimate result of the case will turn on any of the challenged provisions of Ch. 712 we do not now reach the constitutional questions based upon separation of powers which the appellant has raised and we do not undertake to decide them.

There is nothing novel in the provisions of the seventh paragraph of Sec. 1113 (d), *supra,* that the court may affirm the decision of the District Council or remand the case for further proceedings, or that it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional provisions; or (2) in excess of statutory authority or jurisdiction of the agency; or (3) made upon unlawful procedure; or (4) affected by other error of law; or (5) unsupported by

competent, material and substantial evidence in view of the entire record as submitted; or * * * (7) arbitrary or capricious. The above statement is almost verbatim in the language of the statute, except as to paragraphing and capitalization, and except that we have inserted numbers and have omitted one ground, which would be numbered (6). This is the ground at which much of the appellant's constitutional separation of powers fire is directed. It reads: "[a]gainst the *weight* of competent, material and substantial evidence in view of the entire record, as submitted by the agency". (Italics supplied.) It is taken from the Administrative Procedure Act, *supra*. As to the power of a reviewing court to reverse, affirm, remand or modify, see Code (1957), Art. 66B, § 7 (n), which originated as a part of Ch. 705 of the Acts of 1927 and § 22 (h), which originated as a part of Ch. 599 of the Acts of 1933. Cf. Code of Public Local Laws of Baltimore County (1955 Ed.), Title 30, § 532 (h); Baltimore County Charter (1956), Sec. 604.

No question is raised as to the validity of the power of the court to reverse or remand for any of the grounds which we have numbered (1) to (5), inclusive, or (7). Even though Ch. 712 contains no separability clause, we see no basis for striking down the statute as an entirety because of the alleged constitutional invalidity of ground (6) or because of the challenge to the power of the Circuit Court itself to rezone property. We find no reason to suppose that the General Assembly would not have enacted the unchallenged provisions of the Act even if those which are attacked should be declared invalid, nor do we find the challenged provisions to be inseparably connected with those which are concededly valid. *Davis v. State,* 7 Md. 151, 160; *Berry v. Baltimore & Drum Point R.R. Co.,* 41 Md. 446, 465; *Murphy v. Wheatley,* 100 Md. 358, 364, 59 A. 704; *Leser v. Lowenstein,* 129 Md. 244, 263-264, 98 A. 712; *Maryland Unemployment Comp. Bd. v. Albrecht,* 183 Md. 87, 96, 36 A. 2d 666; *McKeldin v. Steedman,* 203 Md. 89, 103-104, 98 A. 2d 561. See also *Bell v. Bd. of Co. Comm'rs of Prince George's Co.,* 195 Md. 21, 32, 72 A. 2d 746 (rule recognized but not applicable). Cf. *Heubeck v. City of Baltimore,* 205 Md. 203, 107 A. 2d 99; and *City of Bal-*

*timore v. A. S. Abell Co.,* 218 Md. 273, 289-290, 145 A. 2d 111, in which even separability clauses did not save the entire ordinances from invalidity.

No contention was argued in this Court as to whether or not that portion of the decree appealed from which rezoned the property in question, exceeded the power conferred upon the Circuit Court by the statute.

In conformity with the views above expressed, the order appealed from is reversed and the case is remanded to the Circuit Court for further proceedings not inconsistent with this opinion.

> *Order reversed and case remanded for further proceedings not inconsistent with this opinion; the appellee to pay the costs of this appeal.*