Argued December 2, 1963, reversed January 22, petition for
rehearing denied February 11, 1964

## MOHR v. STATE BOARD OF EDUCATION
### 388 P. 2d 463

*Cecil H. Quesseth,* Special Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs was Robert Y. Thornton, Attorney General.

*Dudley C. Walton,* Roseburg, argued the cause for respondent. With him on the briefs were Geddes, Felker, Walton & Richmond.

Eldon F. Caley, Roseburg, filed a brief as amicus curiae urging reversal.

Before McALLISTER, Chief Justice, and ROSSMAN,

Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

O'CONNELL, J.

This is an appeal from a decree of the circuit court of Douglas county declaring void an order of the State Board of Education fixing the boundaries of an area education district for community college purposes.

A petition requesting the formation of such a district in Douglas county was presented to the board pursuant to ORS 341.710. After setting a time for hearing upon the petition, notice was given by publication and the hearing was held by an authorized representative of the board on November 26, 1962. ORS 341.730 and ORS 341.740. Those present at the meeting were permitted to express their views as to the location of the boundaries of the proposed district and as to the desirability of establishing it. The hearing was not adversary in character. The only record of the hearing was that contained in the minutes which recorded the names of those who spoke for and against the petition and in a sentence or two indicated the view each expressed on the proposal made in the petition. Plaintiff, Al Mohr, was not present at the meeting.

On December 11, 1962 the board entered an order fixing the boundaries of the proposed area education district. The boundaries so fixed embraced all of the territory specified in the petition. Thereafter, Al Mohr, an inhabitant and taxpayer residing in one of the school districts included in the proposed area education district, filed a petition in the circuit court for Douglas county praying for an order reversing and vacating the board's order.

The circuit court set aside the board's order and remanded the case to the board for further proceedings on the ground that the hearing held by the board did not satisfy the requirements of ORS 341.730 and 341.740. The basis for the lower court's ruling is set out in paragraph VII of the Conclusions of Law:

"That the hearing required to be held by the State Board of Education under Section 341.730 O.R.S. and Section 341.740 O.R.S. is not a hearing in the nature of remonstrances or objections, but a hearing upon the merits of the petition and, therefore, an affirmative duty either on the State Board of Education or the proponents of the petition to appear and introduce evidence upon which a determination of the question of the territory to be materially benefited by inclusion in the proposed area education district may be made as directed by the Statute. There is no evidence in the record of this matter that this Court can review on the question of whether the territory alleged in the petitioner Al Mohr's petition, to-wit: territory of the Glendale School District No. 77, Douglas County, Oregon, is materially benefited or not, therefore, there is no substantial evidence upon which the State Board could have or did make such finding in its Order of December 11, 1962. Therefore, the Order of the State Board of Education dated December 11, 1962, made and entered in the above-entitled matter is void and must be reversed and the above-entitled matter remanded to the State Board of Education for further proceedings as provided by law."

On appeal the board contends (1) that plaintiff does not have standing to attack the board's order, and (2) assuming he has standing, that the hearing satisfied the requirements of ORS 341.730 and 341.740.

Assuming without deciding that plaintiff has standing, the decree of the lower court must be reversed. We are of the opinion that the legislature did not in-

tend to provide for an adversary type hearing preliminary to the formation of an area education district.

ORS 341.730 and 341.740 simply provide that there shall be a hearing on the petition without describing the form the hearing is to take. There is nothing in the wording of the statute which would indicate a legislative preference for an adversary type hearing. The question here is essentially the same as that presented in *School District No. 7 v. Weissenfluh,* 236 Or 165, 173, 387 P2d 567 (1963). There we held that an adversary type hearing was not required in the procedure by which school district boundaries are changed. That conclusion was reached principally upon the ground that "residents and taxpayers do not have any personal or property rights in a particular school district boundary arrangement which are entitled to be asserted in an adversary proceeding in frustration of the board's effort to carry out its policymaking function." It was also noted that the alteration of school district boundaries involves considerations more appropriate for legislative than for judicial determination. The same can be said with respect to the fixing of area education boundaries.[1]

The intention of the legislature to provide only for an "auditive" procedure (simply to permit the making of remonstrances) rather than an "adversary" procedure can also be derived from the manner in which reference was made in the area education district law

---

[1] In School District No. 7 v. Weissenfluh, supra p. 173, we emphasized the fact that the power to alter boundaries was delegated to a regulatory body made up of elected representatives of the people. This, we said, strengthened the inference that "the traditional legislative function" was to be exercised without an adversary hearing. In the case at bar, although the board is made up of appointed rather than elected officials, the inference referred to in School District No. 7 v. Weissenfluh, supra, is strong enough to support our conclusion.

to the Administrative Procedure Act. Generally speaking the proceedings of the State Board of Education are governed by the Administrative Procedure Act. Provision is made in the Administrative Procedure Act for an adversary type hearing (ORS 183.420), but such a hearing is required only in a *contested* case. A contested case is defined by ORS 183.310 (2) as follows:

> "(2) 'Contested case' means a proceeding before an agency in which the individual legal rights, duties or privileges of specific parties are required by statute or constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard and shall include in all cases proceedings for the suspension, revocation or refusal to renew of licenses required to pursue any commercial activity, trade, occupation or profession where the licensee demands such hearing."

In the first place, the statute providing for the creation of area education districts does not require that specific parties be afforded an opportunity to appear and be heard. Rather, the statute contemplates a general notice by publication stating that all who are interested may appear and be heard, and makes no provision for notice to and appearance by specific individuals or interest groups.

Secondly, had the legislature desired the adversary type of hearing provided under ORS 183.420 it would have been a simple matter to have incorporated that section by reference, as it did in providing for appeal from the board's orders. ORS 341.750 provides for appeals from the state board's order. The section further provides that such "appeals shall be governed by ORS 183.480," which is the section of the Administrative Procedure Act covering judicial review of con-

tested cases. Since the procedure for forming an area education district is in no sense a "contested case" under the definition set forth above, it is patent that it was not the intent of the legislature by this reference to denominate the proceedings for the formation of the district a "contested" case, but merely to incorporate into the area education district law the procedure for review in ORS 183.480 insofar as it could be made applicable to a non-contested case.

We have, then, a specific incorporation into the area education district law of a specific part of the Administrative Procedure Act relating to judicial review. The legislature did not, however, incorporate by reference the equally specific provision of ORS 183.420 relating to the adversary type of hearing.[2] If the legislature had intended to require an adversary hearing it would seem that it would have adopted the hearing procedures of ORS 183.420 as it adopted the judicial review procedures provided for in ORS 183.480.

---

[2] ORS 183.420 provides in part as follows:

"In any contested case, all parties shall be afforded an opportunity for hearing after reasonable notice. The notice shall state the time, place and issues involved, but, if, by reason of the nature of the proceeding, the issues cannot be fully stated in advance of the hearing, or if subsequent amendment of the issues is necessary, they shall be fully stated as soon as practicable and opportunity shall be afforded all parties to present evidence and argument with respect thereto. * * * At such hearing, each party shall have the right to introduce evidence for the record and to be represented by counsel. The agency shall prepare an official record which shall include testimony and exhibits, in each contested case, but it shall not be necessary to transcribe testimony unless requested for purposes of rehearing or court review. * * * Each agency shall adopt appropriate rules of procedure for notice and hearing in contested cases. Testimony shall be taken upon oath or affirmation of the witness from whom received unless all parties affected stipulate in writing to the contrary. * * *"

Finally, it is to be noted that the order of the board does not conclude the procedure by which the area education district is created. The statutes provide that after the entry of the board's order the decision as to whether an area education district will be created is submitted to the electors of the area. Through such "direct review" by the electors themselves the board's action is subjected to further public scrutiny and control. With this additional safeguard against capricious or unpopular action by the board there would be less reason for the legislature to provide the safeguards provided by an adversary hearing. We are entitled to take this into account in construing the area education district statutes.

The decree of the lower court is reversed.