Argued June 9, remanded with instructions to dismiss
September 9, 1966

# BARCLAY ET AL v. STATE BOARD OF EDUCATION

417 P. 2d 986

*James W. Walton,* Corvallis, argued the cause for appellants. On the briefs were Ringo, Walton & McClain, Corvallis.

*Loren H. Russell,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Sloan, Goodwin, Denecke and Hammond, Justices.

SLOAN, J.

This is an attempt to obtain judicial review of an order of the State Board of Education. The order was one setting the exterior boundaries of a proposed area education district in Linn and Benton counties. The order also fixed zone boundaries for the election of directors. The purpose of the proposed district is to establish a community college. The Board was authorized to make the order by ORS 341.075 (1). The same subsection of the statute permits an appeal from the order. The appeal precedes the election—whereby the voters of the proposed district approve or reject it. Subsection (3) of ORS 341.075 specifies that the appeal shall be governed by ORS 183.480. In seeking this review of the order it does not appear that either party attempted to conform to the review proceedings required by ORS 183.480. The failure to follow that statute causes the review hearing before the circuit court to be a nullity.

The review statute is a part of the act for Administrative Procedures and Rules of State Agencies. ORS Chapter 183. ORS 183.480 provides that the review is initiated by filing a petition in the circuit court for the county in which petitioner resides or in Marion county. The petition shall state how the petitioner is aggrieved by the agency order and the reason why the order should be reversed. No responsive pleading is required of the agency. Instead it is required to file with the court the original or a certified copy of the entire record of the proceedings under review. ORS 183.480 (4). The review "* * * shall be confined to that record, except that, in cases of alleged irregularities in procedure before the agency, not shown in the record, testimony thereon may be taken in the court. * * *." ORS 183.480 (6).

Subsection 5 of the statute provides that before a hearing is held by the court an application may be made to the court for leave to present additional evidence to be taken before the agency and that additional findings be made by the agency, if that be necessary. The order for additional evidence to be taken before the agency is only permitted when "it is shown to the satisfaction of the court that the additional evidence is material and that there were good and substantial reasons for failure to present it in the proceedings before the agency. * * *" This was not attempted in this case.

The petitioners in this case are residents of the proposed educational area who resist being included in it. After the petition was filed it does not appear that the Board's record was ever filed with the court. Instead, an adversary hearing was held at which evidence was presented relating to whether or not these petitioners would derive benefits from the proposed

district and as to alleged uncertainties in the boundaries of the district as fixed by the Board. The Board used boundaries of existing school districts to fix the external boundaries of the proposed area educational district as well as for the zone boundaries. It was alleged that the boundaries of the existing school districts were uncertain and, more particularly, that these boundaries could be changed from time to time by the Intermediate Boundary Boards of the two counties. For this reason, it was alleged, that the boundaries of the proposed district were uncertain and the proceedings were, therefore, void. It was also alleged that the public hearing held pursuant to ORS 341.055 was void because the Board was not present at the hearing and that the Board was represented by only one of its members.

If there had been anything alleged in the petition filed with the court which would have justified judicial review, we would be obliged to remand the case for proceedings according to the statute. The court was not authorized to receive evidence. The only evidence authorized on review was the Board's record. However, it is our view that the petition did not allege any basis for review. The allegations about the boundaries relate to policy determinations to be made by the Board. Even if the Board's record had been before the court, it would not be the court's business to fix boundaries, as urged by petitioners. It was not claimed that the Board operated in an arbitrary or unlawful manner. The Board's order recited that it had found the facts necessary for the intended purpose, as required by the statute. The effect of the Board's order was to fix the boundaries as the existing school district boundaries then existed and no change in these boundaries would in any way affect the boundaries of the

proposed Community College District. The argument about boundaries is specious. *School Dist. 7 v. Weissenfluh,* 1963, 236 Or 165, 172, 387 P2d 567. In no event could the allegation of the petition establish arbitrary action by the Board. In *Nicklaus v. Goodspeed,* 1910, 56 Or 184, 188, 108 P 135, the word "arbitrarily," in relating to functions of a District Boundary Board, was used synonymously with "maliciously" and "wantonly." We do not mean to say that this would be the only definition of arbitrary action. But certainly the lawful exercise of express statutory powers is not arbitrary.

■ In *School District No. 17 v. Powell,* 1955, 203 Or 168, at 191, 279 P2d 492, in reference to the exercise of authority committed to a district school board, we held that "Courts can interfere only when the board refuses to exercise its authority or pursues some unauthorized course. \* \* \*. The wisdom or expediency of an act, or the motive with which it was done, is not open to judicial inquiry or consideration where power to do it existed." The same would apply to the authority of the State Board of Education in the exercise of the powers granted by the statute.

With respect to the claim that the proceedings were void because only one member of the Board was present at the hearing, it is necessary to mention that ORS 341.045 provides that when a petition is filed with the Board by the requisite number of residents of an area to create an area school district the Board is required to give notice, and hold a public hearing. The hearing is for the purpose of permitting the affected residents to air their views. ORS 341.055 provides that at the time specified in the notice, the Board, or an authorized representative, shall conduct the public hearing. Petitioners alleged that the hearing

was void because a quorum of the Board was not present but only one member of the Board. It was also alleged as a fatal defect that the Board, in making the challenged order, considered only the written record of the hearing. This does not allege a violation of the hearing procedure provided by ORS 341.055. It is the procedure contemplated by the statute. It certainly was not a procedural irregularity, specified in ORS 183.480 (6) which would have justified taking evidence.

ORS 183.480, particularly subsection (6) was taken from the Revised Model State Administrative Procedure Act. The same provisions have been included in the statutes of most of the states that have adopted the Model Act. Cooper, State Administrative Law, 1965, at page 623. However, we can find only one case which has considered a statute worded the same as ORS 183.480 (6), *Board of County Commissioners v. Donohoe,* 1959, 220 Md 370, 152 A2d 555. In *Donohoe* the court reversed the trial court because the latter had taken evidence to "clarify" the record. *State v. Randall,* 1955, 275 SW2d 758, was equally emphatic, with a similar statute, in requiring the trial court to review only the administrative record.

■ We read the language of *Donohoe* and *Randall* and of our own statute, to mean that the irregularity alleged must be one of an arbitrary or capricious action or one which would, if true, tend to invalidate the proceeding. It was not intended to apply to innocuous irregularities that could in no event, affect the ultimate validity of the proceedings.

■ To the extent that the petition alleges an irregularity it was a trivial one at best. The statutory presumption, ORS 41.360 (15), that official duty had been performed would be sufficient to sustain the

Board. In addition, there is the established presumption that if a final act can be done only after the performance of a prior act, proof of the final act carries with it a presumption of proper performance of the prior act. *School District No. 17 v. Powell, supra,* 203 Or at 189. Furthermore, the act of presiding at the meeting was in no way related to the ultimate action of the Board. This was not a decision reaching hearing, merely a "speech making" one. *School Dist. 7 v. Weissenfluh, supra,* 236 Or at 171; *Mohr v. State Board of Education,* 1964, 236 Or 398, 388 P2d 463. The Board's order, which is the only record properly before us, recites full performance of the functions required by the statute.

Accordingly, we hold that we will not remand the case for the proceeding provided by ORS 183.480 but will recognize, *sua sponte,* the failure of the petition to allege any grounds for review as provided by the statute. The cause is remanded with directions to dismiss the petition.