Submitted August 22, 1966, reversed January 10, 1967

## PHILIPPI v. STATE BOARD OF EDUCATION
422 P. 2d 265

Robert Y. Thornton, Attorney General, Loren H. Russell, Assistant Attorney General, Salem, for appellant.

No appearance for respondent.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

McALLISTER, J.

This is an appeal from a decree of the circuit court of Gilliam county modifying an order of the State Board of Education fixing the boundaries of the proposed Mid-Columbia Area Education District.

A petition requesting the formation of an area education district comprising Hood River, Wasco, Sherman, Gilliam, and a portion of Wheeler county, was presented to the board pursuant to ORS 341.710.[①] The board found that the petition complied with the applicable statutes and set a date for a public hearing. The hearing was held at The Dalles on August 27, 1963, and thereafter two additional hearings were held, one in Hood River on May 13, 1964, and one in The Dalles on October 8, 1964. Due notice of the hearings was given and numerous citizens appeared and testified for and against the proposed boundaries. Transcripts of the hearings were made and filed with the board. The board considered the boundary question at numerous meetings, made and revised two boundary decisions, and on June 2, 1965 made a final order establishing the boundaries of the district. The boundaries as established eliminated from the proposed district all of Wheeler county, most of Gilliam county, a substantial portion of Sherman county and parts of Hood River and Wasco counties. The only portion of Gilliam county included in the district was that portion lying north of the township line between Township 1 North and Township 2 North. The board found that no territory was included within the boundaries designated by it which would not be materially benefited by the formation of the district.

The plaintiff filed an appeal alleging that no ma-

① Now ORS 341.025.

terial benefit would accrue to that portion of Gilliam county included within the district, and prayed that the order of the board be modified to exclude from the district all of Gilliam county.

After overruling a demurrer to the petition, the trial judge reviewed the record and made a finding that the record contained no evidence showing that that portion of Gilliam county included within the district would be materially benefited thereby. The court entered a decree modifying the order of the board by deleting that portion of Gilliam county included within the proposed district.

■ This court has repeatedly held that the establishment and change of the boundaries of school districts and community colleges are legislative determinations. The boundaries may be established or changed at the will of the legislature or at the will of the agency which the legislature has authorized to make such decisions. *Barclay v. State Bd. of Education,* 244 Or 294, 417 P2d 986 (1966) ; *Mohr v. State Board of Education,* 236 Or 398, 388 P2d 463 (1964) ; *School Dist. 7 v. Weissenfluh,* 236 Or 165, 387 P2d 567 (1963) ; *School Dist. No. 68 v. Hoskins,* 194 Or 301, 240 P2d 949 (1952).

We reverse the court below and reinstate the June 2, 1965 order of the State Board of Education.