Argued February 22, reargued December 15, 1977, appeal dismissed, judgment vacated January 16, reconsideration denied February 23, petition for review denied September 19, 1978

# LEAGUE OF WOMEN VOTERS OF CENTRAL LANE COUNTY et al, *Appellants,*

## *v.*

# LANE COUNTY LOCAL GOVERNMENT BOUNDARY COMMISSION et al, *Respondents.*

## (No. 75-2674, CA 6409)

573 P2d 1255

Robert E. Stacey, Jr., Portland, argued the cause for appellants. With him on the appellants' brief were Gardner & Honsowetz, P.C., and Allen L. Johnson, Eugene. On the appellants' reply brief were Gardner & Honsowetz, P.C., and Allen L. Johnson, Eugene.

Peter S. Herman, Senior Counsel, Salem, argued the cause for respondents Lane County Local Government Boundary Commission and members. On the respondents' brief were Lee Johnson, former Attorney General, W. Michael Gillette, former Solicitor General, and Al J. Laue, former Assistant Attorney General, Salem. On the supplemental respondents' brief were James A. Redden, Attorney General, Al J. Laue, Solicitor General, Peter S. Herman, Senior Counsel, Michael D. Reynolds, Assistant Attorney General, and Frank W. Ostrander, Jr., Assistant Attorney General, Salem.

Richard W. Cleveland, Eugene, argued the cause for respondent Breeden Bros. Associates, Inc. With him on the brief were Robinette & Cleveland, Kaye C. Robinette and David B. Williams, Eugene.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

Petitioners seek reversal of a circuit court order dismissing their writ of review and affirming orders of respondent Lane County Local Government Boundary Commission which (a) approved the annexation of a 92-acre parcel of land known as Lynnbrook II to the Santa Clara Water District, and (b) approved the expansion of an adjacent sewer lagoon.

Petitioners, in their first assignment of error, assert that the trial court erred with respect to the approval of the annexation of Lynnbrook II for the reasons that:

"* * * (1) [T]he order was not supported by a statement of reasons or findings as to compliance with Land Conservation and Development Goals Two, Three and Fourteen; that (2) the order was not supported by substantial evidence in the record that the order would comply with said goals; that (3) the order was not supported by substantial evidence, or adequate reasons or findings that the order would not conflict with the applicable comprehensive plan objectives * * *; and that (4) the order was not supported by substantial evidence or adequate statements of reasons or findings that it was justified in light of economic, sociological, and demographic considerations * * *."

In their second assignment of error, petitioners challenge the order approving the expansion of the sewer lagoon for the same reasons they have objected to the annexation of Lynnbrook II and on the additional grounds that four findings related to the expansion of the lagoon were not supported by substantial evidence in the record.

This case was initially argued in this court in February 1977. While it was under advisement the Oregon Supreme Court granted petitions for review in *Petersen v. Klamath Falls,* 27 Or App 225, 555 P2d 801 (1976), and in *Sunnyside Neighborhood v. Clackamas Co. Comm.,* 27 Or App 647, 557 P2d 1375 (1976), 28 Or App 281, 559 P2d 512 (1977), both of which involved

[ 55 ]

issues raised in the case at bar. Accordingly we postponed our decision herein pending these decisions. After these decisions[1] were handed down we agreed to, and did, receive supplemental briefs and hear oral reargument.

In the Attorney General's supplemental brief on behalf of respondent Boundary Commission and in oral argument, the Attorney General tacitly concedes that the respondent Boundary Commission's order was invalid because the Boundary Commission (1) failed to apply Land Conservation and Development Commission (LCDC) Goal 14, Urbanization, which requires affected cities and counties to cooperatively establish an Urban Growth Boundary; and (2) failed to apply LCDC Goal 2, which requires a governing body proposing to convert rural agricultural lands to urbanizable land, to satisfy the exceptions procedure of Goal 2. Further, the Attorney General pointed out that the LCDC's urbanization goal requires the Boundary Commission to deny any annexation request made prior to the time that an Urban Growth Boundary is established by the affected city boundary. It was further admitted that neither the City of Eugene nor Lane County had adopted an Urban Growth Boundary prior to the proposed annexation.

We are confronted at the outset with a question which was not raised in the trial court, namely, jurisdiction. The Attorney General in his supplemental brief asserts for the first time that both this court

[1] *Petersen v. Klamath Falls,* 279 Or 249, 566 P2d 1193 (1977), involved whether the statewide land use planning goals of ORS 215.515 applied to an annexation of approximately 141 acres of land to the City of Klamath Falls. The city contended that the above goals did not apply and therefore did not consider them in approving the subject annexation. Both the circuit court and the Court of Appeals agreed. However, the Supreme Court held, inter alia, that the aforementioned goals did apply, reversing both this court and the trial court.

*Sunnyside Neighborhood v. Clackamas Co. Comm.,* 280 Or 3, 569 P2d 1063 (1977), held, inter alia, that current statewide goals and guidelines adopted by the Land Conservation and Development Commission (LCDC) govern land use decisions taken after their adoption, rather than the LCDC's interim goals and guidelines.

and the circuit court were without jurisdiction because of language in ORS 34.040 and 183.310(1).

ORS 34.040 provides:

"The writ shall be allowed in all cases where the inferior court, officer, or tribunal *other than an agency as defined in subsection (1) of ORS 183.310* in the exercise of judicial or quasi-judicial functions appears to have:

"(1) Exceeded its or his jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it or him;

"(3) Made a finding or order not supported by reliable, probative and substantial evidence; or

"(4) Improperly construed the applicable law;

to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ." (Emphasis supplied.)

ORS 183.310(1) provides:

"As used in ORS 183.310 to 183.500:

"(1) 'Agency' means any state board, commission, department, or division thereof, or officer authorized by law to make rules or to issue orders, except those in the legislative and judicial branches."

Petitioners answer this contention by pointing to the language of ORS 199.461(3), which specifically provides:

"* * * Any person interested in a boundary change may, within 30 days after the date of a final order, appeal the order for review under ORS 34.010 to 34.100."

Petitioners contend that the specific provision of ORS 199.461(3) must prevail over the general provision of ORS 34.040, citing the familiar rule of statutory construction that where there is a conflict between two statutes in the same statutory scheme, and there is a specific provision and a general provision which include matter embraced in the former and they cannot be harmonized, the particular provision controls over the general. *State v. Pearson,* 250 Or 54, 440

P2d 229 (1968); *Colby v. Larson,* 208 Or 121, 297 P2d 1073, 299 P2d 1076 (1956).

The Attorney General responds by arguing that the italicized language from ORS 34.040, which was inserted in that section by a 1973 amendment (Oregon Laws 1973, ch 561, § 1, p 1262), operated as an implied repeal of the provision of ORS 199.461(3) set out above, which was added to the Boundary Commission Law in 1971.

Petitioners attack the state's theory of repeal by implication and cite inter alia recent decisions by our Supreme Court rejecting the rule of repeal by implication.[2]

Respondent Breeden Bros. argues that the merits of the applications to rezone the land and to grant a conditional use permit for the expanded sewage lagoon had been evaluated and approved by the Lane County Planning Commission and the Board of County Commissioners; that the Boundary Commission's action was proper under the county's "1990 Plan" and under the provisions of ORS 197.180, 197.250, 197.275 and 199.490.

It is apparent from the above that we are faced with a direct conflict between two applicable statutory provisions.

Petitioners filed this petition for writ of review in circuit court presumably relying upon ORS 199.461(3). Petitioners urge that if we follow the Attorney General's proposed interpretation, review of Boundary Commission orders (and LCDC orders) would be the only significant portion of the zoning process to come under the Administrative Procedures Act, since judicial review of all other land use decisions would come under ORS 34.040. If on the other hand we follow petitioners'

---

[2] *Thompson v. IDS Life Ins. Co.,* 274 Or 649, 549 P2d 510 (1976); *Appleton et al v. Oregon Iron & Steel Co.,* 229 Or 81, 358 P2d 260 (1960), 366 P2d 174 (1961).

proposed interpretation we keep all land use matters (except LCDC orders) under the same review procedure and avoid invoking the radical doctrine of implied repeal.

Having fully considered all issues, we summarize our conclusions as follows:

■ (1) As we have previously held, a boundary commission is a state agency, ORS 199.425(2); *Mar. Fire Dist. v. Mar. Polk Bndry,* 19 Or App 108, 526 P2d 1031, *rev den* (1974), and would therefore be within the exception provided by the 1973 amendment to ORS 34.040.

■■ (2) While it is true that repeals by implication are not favored, we conclude that this is what occurred here. *See,* Minutes, House Judiciary Committee, May 23, 1973, and Minutes, Senate Judiciary Committee, March 29, 1973 (SB 342). Therefore we hold that the above quoted provisions of ORS 199.461(3) were impliedly repealed by the 1973 amendment to ORS 34.040. *School Dist. No. 48 v. Fair Dis. App. Bd.,* 14 Or App 35, 512 P2d 799 (1973).

■ (3) Under ORS 183.480(2) and 183.482, exclusive jurisdiction to review the instant order of the Boundary Commission was by petition to the Court of Appeals.

■ (4) Where want of jurisdiction appears at any stage of the proceedings on appeal, it is the duty of the appellate court to refuse to proceed further. ORS 19.010; *City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977); *McEwen et ux v. McEwen et al,* 203 Or 460, 280 P2d 402 (1955); *Robertson v. Henderson,* 181 Or 200, 179 P2d 742 (1947).

Accordingly this appeal must be dismissed and the judgment order of the trial court vacated.

Appeal dismissed; judgment vacated.