Argued July 20, reversed and remanded October 29, 1979

HILL,
*Respondent,*
*v.*
COUNTY COURT FOR
UNION COUNTY, et al,
*Appellants.*

(No. 24811, CA 12035)

601 P2d 905

D. Dale Mammen, District Attorney, La Grande, argued the cause for appellants. With him on the brief was Gary Cordy, Deputy District Attorney, La Grande.

Clayton C. Patrick, Salem, argued the cause and filed the brief for respondent.

Before Lee, Presiding Judge, and Gillette, and Campbell, Judges.

GILLETTE, J.

## GILLETTE, J.

This is a writ of review proceeding brought by the plaintiff after denial of his tentative subdivision plan by the Union County Court (the county's governing body). The circuit court found that the findings of fact of the Union County Court were not supported by substantial evidence. In accordance with the stipulation of the parties entered into in conjunction with the circuit court's consideration of the case,[1] it remanded the case and ordered the Union County Planning Commission to approve the plaintiff's subdivision plan. Defendants appeal that order. We reverse.

Plaintiff filed an application on December 5, 1977, seeking approval of a plan for the subdivision of 140 acres in Union County. The parcel has been in use as farm land. On December 19, 1977, plaintiff's application was denied by the Union County Planning Commission after a public hearing. The Planning Commission based its denial on five "findings of fact," but the

---

[1]  "The issues are:

"1.  Are the findings of the County Court adequately supported by reliable, probative and substantial evidence.

"(a)  Can the County Court in making their findings of fact include the 'findings of fact of the Planning Commission' without reviewing the evidence on which the Planning Commission based their findings, or are the Planning Commission findings of fact reliable, probative, and substantial evidence in and of themselves.

"2.  If the Court finds that the findings of the County Court were supported by reliable, probative, and substantial evidence, then the action should be affirmed and the Petition for Writ of Review dismissed.

"(b)  If the Court finds that the County Court findings were not supported by reliable, probative, and substantial evidence, this matter should be remanded back to the Union County Planning Commission with instructions to approve the subdivision tentative plan and to proceed under the provisions of Chapter 92 of Oregon Revised Statutes and Union County Zoning Ordinance Section 34, et seq.

"(c)  Unless the application of LCDC goal 3 could be used to justify the denial of the tentative plan recognizing that the application of LCDC goal 3 is limited by the reliable, probative, and substantial evidence as contained in this record.

"3.  Both parties asked the Court for a jury view."

record contains neither the minutes nor a transcript of the proceedings before the Planning Commission. Plaintiff appealed the denial to the Union County Court on December 27, 1977. The County Court held a hearing on January 18, 1978, at which time it had before it the "findings of fact" of the Planning Commission. The subdivision plan was denied approval by the County Court on February 15, 1978, based on the findings of the Planning Commission and three additional "findings of fact" made by the County Court.

■ A writ of review proceeding is limited to a determination of whether the findings of the administrative body are supported by substantial evidence. ORS 34.040; *Green v. Hayward,* 275 Or 693, 702, 552 P2d 815 (1976); *Meeker v. Board of Commissioners of Clatsop County,* 36 Or App 699, 585 P2d 1138 (1978).

■ The question of just what kind of "substantial evidence" would support a denial of the kind involved here had not been decided at the time this case was heard. As we have recently held, however:

" * * * [A] denial is supported by substantial evidence within the meaning of ORS 34.040(3) unless the reviewing court can say that the proponent of change sustained his burden of proof as a matter of law." *Jurgensen v. County Court,* 42 Or App 505, 600 P2d 1241 (1979).

■ It follows that plaintiff's burden here would have been a heavy one had the county court entered proper findings. However, it did not do so. The circuit court found that the "findings of fact" of the Union County Court were not supported by substantial evidence. We do not reach that question because we find them to be entirely inadequate as findings of fact. None of the eight "findings of fact" relied upon by defendants[2] are

---

[2] *Planning Commission Findings*

"1. Opposition expressed by adjacent landowners.

"2. Farm activities on surrounding farms may conflict with residential land use.

actually findings of fact. They include recitations of evidence like those which we held, in *Graham v. Oregon Liquor Control Commission,* 20 Or App 97, 530 P2d 858 (1975), to be inadequate as findings of fact; conclusions as to the law and as to ultimate facts for which the underlying facts are neither given nor apparent from the record; and a reference to "the principles set forth" in a decision of this court, clearly not a finding of fact.

■ The role of adequate findings of fact is vital. As stated in *South of Sunnyside Neighborhood League v. Board of Commissioners of Clackamas County,* 280 Or 1, 21, 569 P2d 1063 (1977):

> "No particular form is required, and no magic words need be employed. What is needed for adequate judicial review is a clear statement of what, specifically, the decision-making body believes, after hearing and considering all the evidence, to be the relevant and important facts upon which its decision is based. Conclusions are not sufficient."

*See also Roseta v. County of Washington,* 254 Or 161, 170, 458 P2d 405 (1969); *Fasano v. Washington County Commissioners,* 264 Or 574, 507 P2d 23 (1973); *Green v. Hayward,* 275 Or 693, 552 P2d 815 (1976).

---

"3.   Gravel quarry activities may not be compatible with contiguous residential land use.

"4.   Application is inconsistent with recommendations of the Planning Advisory Committee for that area.

"5.   Would encourage a pattern of development that is undesirable.

*County Court Additional Findings*

"6.   February 7, 1978 letter from DEQ which states conflicts could arise from (1) spring turn over of lagoon causing odors for a short time, (2) Within four or five years, City of Cove will need to spray disinfected effluent on land around lagoon and could cause spray drift. (3) Lagoon originally thought placed in rural area.

"7.   Reference to case of Rutherford v. Armstrong, Oregon Court of Appeals, dated December 27, 1977 and principles set forth in the case.

"8.   Goal 3 of the LCDC Goals and Guildeines: to preserve and maintain Agricultural lands—the proposed subdivision does not satisfy. (2) need is consistant [sic] with LCDC goals."

Applying this standard to the present case, the findings of the County Court are insufficient.

■ We remand the case with instructions to the local governing body to make adequate findings. *See South of Sunnyside Neighborhood League v. Board of Commissioners of Clackamas County, supra; Commonwealth Properties v. Washington County,* 35 Or App 387, 582 P2d 1384 (1978). It could be argued that the peculiar posture of this case makes that unnecessary. The parties entered a stipulation before the circuit court regarding its handling of the writ of review proceeding. In explaining that stipulation to the trial court defendants' attorney stated, and plaintiff's counsel agreed, that the parties intended by their stipulation that if the County Court's "findings of fact" were determined to be inadequate or unsupported by substantial evidence, the case should be remanded to the Union County Planning Commission (which, procedurally, must approve all subdivision plans) with instructions that plaintiff's tentative plan be approved. The trial court held the County Court's "findings of fact" were not supported by substantial evidence and remanded in accordance with the stipulation. Although we do so for other reasons, we also find the "findings of fact" to be inadequate. Arguably the result, under the terms of the stipulation, is the same.

We decline, for policy reasons, to follow the stipulation. Such orders are normally impermissible. *See* ORS 34.100. Their effect would be to reverse a land use planning result without giving those who were formerly on the prevailing side a chance to deal with the case in its new posture and to contest any adverse result on appeal.

Reversed and remanded.