Argued and submitted April 17,
reversed and remanded December 10, 1979

FOSSES,
*Petitioner,*
*v.*
PORTLAND METROPOLITAN AREA LOCAL
GOVERNMENT BOUNDARY COMMISSION, et al,
*Respondents.*

(No. 1228, CA No. 11562)

603 P2d 1235

John W. Shonkwiler of Morgan & Shonkwiler, Portland, argued the cause and filed a brief for petitioner.

William P. Hutchison, Jr., Portland, argued the cause and filed a brief for respondent Portland Metropolitan Area Local Government Boundary Commission.

No appearance for respondent City of West Linn.

[647]

Before Thornton, Presiding Judge, and Gillette and Campbell, Judges.

GILLETTE, J.

**GILLETTE, J.**

This is a petition for judicial review of a decision of the Portland Metropolitan Area Local Government Boundary Commission (Boundary Commission) which denied a proposed annexation to the City of West Linn. The petition, which was initiated pursuant to ORS 222.170 (the so-called "Triple Majority" rule), proposed the annexation of 88 acres and single ownership located west of the present city boundaries. Petitioner proposed to develop the property in two stages for low density residential use. The City of West Linn approved the annexation, but the Boundary Commission denied it. We reverse.

We begin by taking special note of the relief petitioner seeks:

> "Remand of the matter to the boundary commission for sufficient findings and reasons would be futile. Petitioner submits that the record lacks sufficient evidence to support the boundary commission's denial of the annexation proposal. Petitioner requests that this court reverse the boundary commission's decision and remand with instructions for the boundary commission to issue a final order or a proclamation declaring approval of the annexation proposal."

This court's review of Boundary Commission actions is limited to a determination of whether the actions comply with applicable law and were supported by reliable evidence on the record. ORS 183.480. In land use cases, as in other cases, we do not substitute our judgment for that of the agency making the decision, and we do not direct agencies to enter orders deciding the merits of cases. *See, e.g., Hill v. Union County Court,* 42 Or App 883, 601 P2d 905 (1979); *cf. Board of Comm. of Clackamas County v. LCDC,* 35 Or App 725, 582 P2d 59 (1978).

Petitioner first contends that the commission erred in not conducting its hearing on this annexation decision pursuant to the contested case procedures of ORS

183.415. The petitioner does not allege that the commission failed to follow the statutory procedures specifically set forth for commission hearings in ORS 199.461 through 199.463, nor does he allege that the commission failed to follow its own rules of procedure. The commission acknowledges that its procedures were substantially less detailed than those which would have been followed had it viewed those provided by ORS 183.415 to be applicable. No suggestion is raised that the petitioner failed to make a timely record of his request for a contested case hearing under the Administrative Procedure Act. *See Sunnyside Neighborhood v. Clackamas Co. Comm.,* 280 Or 3, 569 P2d 1063 (1977). The question thus becomes: Is a "contested case" proceeding pursuant to Chapter 183 required in cases such as this, or is some other, lesser procedure sufficient?

On examination of the pertinent statutes, we conclude that a contested case hearing pursuant to Chapter 183 was required, and therefore reverse.

In *League of Women Voters v. Lane Co. Bndry Comm.,* 32 Or App 53, 59, 573 P2d 1255, *rev den* (1978), we reaffirmed our holding in *Marion Fire District v. Marion-Polk Bndry. Comm.,* 19 Or App 108, 526 P2d 1031, *rev den* (1974), that local government boundary commissions are state agencies. We further held that, since the commissions were state agencies and were not exempted from application of the Administrative Procedure Act, ORS Chapter 183, by the terms of ORS 183.315-317, appeal from their decisions was reviewable exclusively by judicial review of this court. A contrary provision (ORS 199.461 (3)) authorizing Circuit Court review by means of writ of review was held to have been impliedly repealed. *Ibid. Accord, Sub. East Salem Water District v. Marion-Polk Bndry. Comm.,* 42 Or App 351, 600 P2d 501 (1979).

From that minimal step, we are now asked to take a major one and hold that, at least in quasi-judicial

[650]

hearing situations such as this one, a boundary commission is required to hold a contested case hearing as envisioned by ORS Chapter 183.

This question has been raised at least twice in previous cases. In *Sunnyside Neighborhood v. Clackamas Co. Comm., supra,* a case in which a county commission and not a boundary commission was the entity making the land use decision, the Supreme Court declined to rule on the question because it had not been raised below. *Id.,* at 10. Here it has been.

Respondent argues that a full contested case hearing is not required. It suggests that the procedure which must be followed in a boundary commission proceeding is provided by statute. ORS 199.463 provides,

"(1)  Notice of a public hearing conducted by a boundary commission under ORS 199.461 shall be published by a least one insertion in a newspaper of general circulation in the affected city, district or territory not more than 25 days nor less than 15 days before the hearing. A second notice may be published either by a second insertion in a newspaper of general circulation in the affected city, district or territory or by letter sent first-class mail addressed to each owner of land in the affected territory not more than 15 days nor less than 8 days before the hearing. The commission may also cause the notice to be posted in not less than three public places within the affected city, district or territory at least 15 days before the hearing. The commission may provide for publication by broadcasting on radio or television stations.

"(2)  Notice of a hearing shall describe the proposed boundary change, state the time and place of the hearing and that any interested person may appear and shall be given a reasonable opportunity to be heard.

"(3)  A hearing may be adjourned or continued to another time, but not more than seven days later than the time stated in the notice of the hearing unless the notice of the hearing is revised and republished. Notice of the hearing shall be revised and

[651]

republished if the hearing is adjourned to a place other than the place stated in the notice of the hearing."

Respondent suggests that ORS 199.463 is a specific hearing procedure outside the Administration Procedure Act. It argues that our decision in *League of Women Voters, supra,* was a limited one and invalidated *only* subparagraph (3) of ORS 199.461. Thus, it argues, the balance of the procedures in ORS Chapter 199 remain in force. Respondent then points out that the specifically-provided procedure is inconsistent with the notice and hearing provision of the Administrative Procedure Act, ORS 183.415 −470. From the foregoing, respondent concludes that "contested case" standards for a hearing are inapplicable.

Respondent's argument concerning our opinion in *League of Women Voters* focuses on the wrong issue. We agree with respondent that our decision in *League of Women Voters* was a limited one. However, much earlier than *League of Women Voters,* we had held that boundary commissions were state agencies. *Marion Fire District v. Marion-Polk Bndry. Comm.,* 19 Or App 108, 526 P2d 1031, *rev den* (1974). ORS 183.310 provides, in pertinent part,

"(1) 'Agency' means any state board, commission, department or division thereof, or officer authorized by law to make rules or to issue orders * * *.

"(2) 'Contested case' means a proceeding before an agency:

"(a) In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to be heard * * *."

The above description precisely fits a guasi-judicial boundary commission proceeding. Boundary commissions are not exempted from the APA. ORS 183.315-317.

Respondent appears to recognize the logic of this approach but cites *Mohr v. State Board of Education,*

236 Or 398, 388 P2d 463 (1964), where the Supreme Court held that APA adversary hearing procedures did not apply to the formation of an area education district. *Mohr,* however, is not in point. It did not involve the kind of quasi-judicial proceeding under review here. Rather, it involved a decision more akin to the "legislative" decisions referred to by the Supreme Court in *Fasano v. Washington County Comm.,* 254 Or 574, 507 P2d 23 (1973), and *Peterson v. Klamath Falls, supra.*

We conclude that the proceeding in question was a "contested case" and that the failure of the respondent commission to follow contested case procedures at the hearing was error. Our holding on the contested case issue requires that this proceeding be remanded.

One other assignment of error requires discussion because it will be pertinent on remand. It is,

> "The Boundary Commission failed to adopt written standards for review of annexation proposals applicable and prior to its proceedings."

There is no requirement that the respondent promulgate rules in advance of performing its quasi-judicial function in cases of this kind.

Reversed and remanded.