On petitioner's motion for stay of
respondent's final order of annexation filed March 20,
temporary stay granted April 3, 1980

# CITY OF WOOD VILLAGE,
## *Petitioner,*
*v.*

# PORTLAND METROPOLITAN AREA LOCAL
# GOVERNMENT BOUNDARY COMMISSION,
## *Respondent.*

## (No. 1467, CA 16001)

609 P2d 379

Before Schwab, Chief Judge, and Thornton, Richardson and Buttler, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Petitioner, City of Wood Village, has filed an appeal from a decision of the respondent boundary commission. Now before us is petitioner's motion for a stay of the boundary commission's order of annexation from which petitioner has appealed.

As required by *Von Weidlein/N. W. Bottling v. OLCC,* 16 Or App 81, 514 P2d 560, 515 P2d 936, 517 P2d 295 (1973), *rev den* (1974), petitioner first sought a stay from the boundary commission. The commission replied that it lacked authority to issue a stay because of new statutes enacted last year. We conclude the boundary commission, at least in this case, does have authority to issue a stay of its order.

Oregon Laws 1979, ch 593, § 7, amended ORS 183.315(1) to provide that various provisions of the Administrative Procedures Act "do not apply to local government boundary commission[s]." ORS 183.480 is one of the provisions of the APA stated to be inapplicable. ORS 183.480 states the general rules for judicial review of agency orders — rules that are elaborated upon in ORS 183.482 and 183.484. As amended, ORS 183.315(1) states that the general rules of ORS 183.480 do not apply to boundary commissions; however, it does not state that the detailed rules of ORS 183.482 and 183.484 are inapplicable. We nevertheless assume for present purposes that the legislative intent of Oregon Laws 1979, ch 593, § 7, standing alone, was to exempt boundary commissions from all of the APA judicial review rules.

Oregon Laws 1979, ch 772, § 16, amended ORS 199.461(3) to provide:

> "Any person interested in a boundary change may appeal the order in accordance with the provisions of ORS 183.480 to 183.500 governing judicial review of agency orders or, if the decision of the boundary commission involves application of the state-wide planning goals, in accordance with the provisions of sections 4 to 6, chapter 772, Oregon Laws 1979."

Thus, ORS 183.315(1) as amended exempts boundary commissions from the judicial review rules of the APA, while ORS 199.461(3) as amended makes boundary commissions subject to the judicial review rules of the APA.

This apparent contradiction is not really a contradiction. Under the APA before the 1979 amendments, *exclusive* jurisdiction to review *all* boundary commission decisions was in the Court of Appeals. *League of Women Voters v. Lane Co. Bndry. Comm.,* 32 Or App 53, 573 P2d 1255 (1978). Had boundary commissions remained fully subject to the judicial review rules of the APA, *exclusive* jurisdiction to review *all* boundary commission decisions would have remained in this court. The intent of the 1979 amendments, considered together, was to abolish the exclusiveness of our jurisdiction and, instead, to create alternative review forums depending upon the issues raised.

When a boundary commission decision is challenged as inconsistent with the statewide planning goals, the appeal must be filed with the Land Use Board of Appeals (LUBA). Boundary commissions are state agencies. LUBA has "exclusive [initial] jurisdiction to review any land use decision of a * * * state agency * * *." Oregon Laws 1979, ch 772, § 4(1). Land use decision is defined as including: "A final decision or determination of a state agency * * * with respect to which the agency is required to apply the state-wide planning goals." Oregon Laws 1979, ch 772, § 3(1)(b). ORS 199.462(1) requires boundary commissions to apply the statewide planning goals.

LUBA'S rulings on the statewide planning goals are reviewed by the Land Conservation and Development Commission. Oregon Laws 1979, ch 772, § 6. LCDC's final orders are reviewable in this court. Oregon Laws 1979, ch 772, § 6a. So the question is not one of access to the Court of Appeals; rather, it is one of exhaustion of other remedies and the timing of Court of Appeals review.

When a boundary commission decision is challenged on any grounds *other* than alleged inconsistency with the statewide planning goals, review is immediate in the Court of Appeals. Such an appeal must be filed in this court pursuant to the cross-reference in ORS 199.461(3) to the judicial review provisions of the APA, ORS 183.480 et seq.

Thus, the ultimate effect of the 1979 amendments is that boundary commissions: (1) are not wholly subject to the judicial review provisions of the APA, ORS 183.315(1), because not all appeals from boundary commissions can be filed initially in the Court of Appeals; and (2) are not wholly exempt from the judicial review provisions of the APA, ORS 199.461(3), because some appeals from boundary commissions can be filed initially in the Court of Appeals. Whether appeals are filed initially with LUBA or the Court of Appeals depends upon whether the appellant intends to argue noncompliance with the statewide planning goals.

This case was filed initially in this court. Based on what is now before us it does not appear that petitioner intends to raise any issue about compliance with the statewide planning goals. With that understanding, it now appears that this case is properly in this court pursuant to ORS 199.461(3) as amended by Oregon Laws 1979, ch 772, § 16. That statute specifies that this appeal is to be handled "in accordance with the provisions of ORS 183.480 to 183.500." One of the cross-referenced statutes is ORS 183.482(3) which authorizes agencies to issue stays of orders from which appeals are taken. The boundary commission thus had authority to grant petitioner's motion for a stay, and erred in not ruling on the merits of that motion.

We have required that administrative agencies first rule on the merits of a motion for a stay before that question is presented to this court. *Von Weidlein/N. W. Bottling v. OLCC, supra.* That has not happened yet in this instance. Accordingly, as in *Von*

[589]

*Weidlein,* we temporarily grant petitioner's motion for a stay for the sole purpose of permitting petitioner to reapply to the respondent boundary commission for a stay.

If before April 9, 1980, petitioner files such a motion with the boundary commission, this stay shall remain in effect until decided by the boundary commission. If petitioner does not timely file such a motion, this stay will terminate without further order of this court at 5 p.m. on April 9, 1980.

If a stay is granted by the boundary commission, this stay will terminate without further order of this court.

If a stay is denied by the boundary commission, the stay herein granted shall remain in effect pending the further order of this court. In such event, both petitioner and respondent shall file in this court any arguments or other materials relevant to the continuation of the stay within five days of the boundary commission's order denying a stay.

Temporary stay granted in accordance with this opinion.