Argued and submitted December 9, 1983, reversed and remanded May 23, reconsideration denied July 13, petition for review denied September 18, 1984 (297 Or 824)

CONSOLIDATED METCO, INC.,
*Plaintiff,*
*and*

ESTATE OF NILES,
*Appellant,*
*and*

RIVERGATE RESIDENTS ASSOCIATION et al,
*Intervenors-Appellants,*

*v.*

CITY OF PORTLAND et al,
*Respondents.*

(A8005-02531; CA A25357)

681 P2d 1184

Wayne D. Landsverk, and Newcomb, Sabin, Meyer, & Schwartz, Portland, filed the brief for appellant Estate of Rance C. Niles.

Phil M. Kelley, and Janke, Kelley, Petersen & Sullivan, Portland, filed the brief for appellants Rivergate Residents Association and Theodore W. Brausen.

Thomas R. Williams, Office of City Attorney, Portland, argued the cause for respondents. With him on the brief was Christopher P. Thomas, City Attorney, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

This is an appeal from a declaratory judgment in a proceeding brought to determine the validity of Portland Area Local Government Boundary Commission orders annexing certain property to the city of Portland. After the case was argued, we asked the parties to file supplemental memoranda regarding the circuit court's jurisdiction of the declaratory judgment proceeding. We now conclude that the circuit court did not have jurisdiction. It is therefore our duty to refuse to proceed further. *League of Women Voters v. Lane Co. Bndry Comm.,* 32 Or App 53, 59, 573 P2d 1255, *rev den* 283 Or 503 (1978); *see also Union Oil v. Clackamas County,* 67 Or App 27, 31, 676 P2d 948 (1984).

On January 12, 1977, the boundary commission approved "Proposal 1000," annexing certain property owned by the Port of Portland on the Rivergate Peninsula to the city of Portland. The Rivergate Residents' Association and Theodore Brausen filed a petition in the circuit court for a writ of review of the boundary commission order. In December, 1977, the circuit court vacated the order and remanded the case to the commission. The defendants in that proceeding appealed to this court. On the basis of *League of Women Voters v. Lane Co. Bndry Comm., supra,* we reversed the judgment in the writ of review proceeding. *Brausen v. Portland Metropolitan Area Local Government Boundary Commission,* 41 Or App 96, 596 P2d 1021, *rev den* 287 Or 477 (1979). In October, 1979, on remand, the circuit court vacated its order. Annexation then proceeded.

Annexation under Proposal 1000 created some "islands" of property which had not been annexed. In January, 1980, the city initiated Proposal 1548 to annex some of the "islands," including one belonging to plaintiff Consolidated Metco, Inc., and one belonging to plaintiff Estate of Rance C. Niles. The city contended that these "islands" were subject to summary annexation under ORS 222.750:

> "In any case where land or territory is surrounded by the corporate limits or boundaries of any city, it is within the power and authority of that city to annex such land or territory, provided it is not an incorporated city. Unless otherwise required by its charter, annexation by a city under this section shall be by ordinance or resolution subject to

referendum, with or without the consent of any owner of property within the territory or resident in the territory."

Proposal 1548 was approved by the boundary commission by a final order dated March 6, 1980. In May, plaintiffs filed a complaint for a declaratory judgment to have declared that Proposal 1000 is invalid, that plaintiffs' land was thus not subject to summary annexation and that Proposal 1548 did not validly annex plaintiffs' property. Part of plaintiffs' argument was that the required notice of the proposed annexation did not adequately advise that it included a portion of the Columbia Slough, owned by the State of Oregon.

In August, 1980, the Rivergate Residents' Association and Theodore Brausen (plaintiffs in the previous writ of review proceeding) petitioned to intervene in this action. Their complaint alleged that, by Proposal 1000 and Proposal 1549, their property had become surrounded ("islanded") by the city of Portland and that the annexation of their property had been accomplished through summary annexation proceedings by Proposal 1579 in May, 1980. They also sought a declaration that Proposal 1000 is invalid, that their property was thus not subject to summary annexation as "islands" and, accordingly, was not validly annexed by Proposal 1579. According to defendants' amended answers, in August and September, 1980, LUBA invalidated orders 1548, 1549 and 1579. Plaintiffs subsequently amended their complaint but requested the same relief.

The circuit court adjudged that Proposal 1000 is valid, except as to the portion of the area in the Columbia Slough owned by the State of Oregon. The judgment addressed only Proposal 1000. The Estate of Niles and intervenors appealed, contending that Proposal 1000 should have been completely invalidated.

In *League of Women Voters v. Lane Co. Bndry Comm., supra,* we interpreted the statutes which were in effect in 1977, the time of the original order approving Proposal 1000. In that case, the petitioners challenged boundary commission orders by a writ of review proceeding, relying on ORS 199.461(3), which at that time stated that any interested person could petition for review of a boundary change order in the circuit court. However, the writ of review statute, ORS 34.040, had been amended in 1973 to state that it did not apply

to "agencies" as defined in the APA. Noting that boundary commissions are "agencies" under the APA, *Mar. Fire Dist. v. Mar. Polk Bndry,* 19 Or App 108, 526 P2d 1031 (1974), we held that the amendment to ORS 34.040 had impliedly repealed the provision in ORS 199.461(3) that had allowed review by a writ of review proceeding. We then held that, under ORS 183.480(2) and 183.482, exclusive jurisdiction to review a boundary commission order was by petition to the Court of Appeals.

By the time this proceeding was brought in the circuit court in 1980, ORS 199.461(3) had been amended to provide:

"* * * Any person interested in a boundary change may appeal the order in accordance with the provisions of ORS 183.480 to 183.500 governing judicial review of agency orders or, if the decision of the boundary commission involves application of the state-wide planning goals, in accordance with the provisions of section 4 to 6, chapter 772, Oregon Laws 1979."

ORS 183.315(1) had also been amended to provide that various provisions of the APA, including ORS 183.480, the general judicial review provision, do not apply to local government boundary commissions. In *City of Wood Village v. Portland Met. LGBC,* 45 Or App 585, 609 P2d 379 (1980), we reconciled the 1979 amendments by interpreting them to mean that, when a boundary commission decision is challenged as inconsistent with statewide planning goals, review must be sought through LUBA; but if it is challenged on any other grounds, review is in the Court of Appeals pursuant to the APA.[1]

Thus, before the 1979 amendments, review of a boundary commission order was exclusively in the Court of Appeals, and after the 1979 amendments review is in the Court of Appeals unless it is in LUBA.

It is not entirely clear which orders were the subject of this declaratory judgment action. It appears that, by the time of the judgment, the only order at issue was that approving Proposal 1000. Plaintiffs, however, contend that

---

[1] There have been subsequent amendments to ORS 199.461: Or Laws 1981, ch 265, § 9, Or Laws 1983, ch 336, § 6 and ORS 183.315, Or Laws 1981, ch 711, § 16 since. None is relevant here.

they are not collaterally attacking that order. If we consider this case to be essentially one seeking review of the 1977 order approving Proposal 1000, under *League of Women Voters v. Lane Co. Bndry Comm., supra,* that order could only have been reviewed in this court. If plaintiffs seek review of the 1980 orders and of Proposal 1000 after the Boundary Commission order was reinstated in 1980 under *City of Wood Village v. Portland Met. LGBC, supra,* review of orders after the effective date of the 1979 amendments is exclusively in the Court of Appeals, because statewide land use planning goals were not at issue. In other words, we find nothing in the review provisions that would permit it to take place in circuit court.

Plaintiffs argue that a declaratory judgment action is the only proceeding by which they could litigate the validity of Proposal 1000 as the predicate for annexation of their property in a summary annexation proceeding. As we understand the argument, the owners of the "islanded" property could not have directly attacked Proposal 1000 because they were not parties, their property was not involved, and they did not receive notice of the proceedings. We do not necessarily accept those propositions; in any case, none of plaintiffs' arguments change the fact that the only forum in which it could seek review of either Proposal 1000 *or* subsequent annexation orders is this court.

Reversed and remanded with instructions to vacate the judgment and dismiss the complaints.