Argued and submitted December 5, 1984, affirmed January 9, reconsideration denied February 22, petition for review allowed March 26, 1985 (299 Or 31)

**HERITAGE ENTERPRISES,**
*Petitioner,*

*v.*

**CITY OF CORVALLIS,**
*Respondent.*

(LUBA 84-050; CA A33812)

693 P2d 651

Allen L. Johnson, Eugene, argued the cause for petitioner. With him on the brief was Sullivan, Josselson, Johnson & Kloos, Eugene.

Richard D. Rodeman, Corvallis, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

**JOSEPH, C. J.**

Petitioners seek review of an order of the Land Use Board of Appeals dismissing petitioners' appeal from the voters' rejection of a proposal to annex land to the city of Corvallis. LUBA concluded that the election is not a "land use decision" as defined by of ORS 197.015(10) and that LUBA therefore did not have jurisdiction. LUBA explained:

"The jurisdictional question is not whether, but *when,* the challenged annexation became subject to review by this Board.

"* * * * *

"As required by the city code, the [city] council's decision [approving and referring the proposal] evaluated the proposal in terms of conformance with the governing land use plan and regulations. The evaluation resulted in an initial determination * * * that the property *could be* annexed consistent with land use law. That quasi-judicial determination clearly fell within the statutory definition of 'land use decision' in ORS 197.015(10)(a)(A), i.e., it concerned the application of the city's [acknowledged] comprehensive plan and the Land Development Code. In contrast, the action by the voters in May, 1984 (the action challenged here) involved only a final, legislative decision as to whether the land *should* be annexed. The electorate's action did not apply the city's plan or land use regulations to the proposal. Accordingly, it was not a land use decision reviewable by this Board." (Footnote omitted; emphasis in original.)

LUBA relied on—and its decision was a correct extrapolation from—*1000 Friends of Ore. v. Wasco Co. Court,* 62 Or App 75, 659 P2d 1001, *rev den* 295 Or 259 (1983); *Stewart v. City of Corvallis,* 48 Or App 709, 617 P2d 921 (1980), *rev den* 290 Or 491 (1981), and other decisions of the Supreme Court and this court. Although petitioners make *some* effort to distinguish those decisions, their better arguments are based on legislation enacted in 1983 that they contend is more germane than the earlier case law and requires that LUBA exercise jurisdiction here.

Petitioners rely on ORS 197.825(2)(a) and 197.752(1). The first provides that LUBA's jurisdiction

"[i]s limited to those cases in which the petitioner has exhausted all remedies available by right before petitioning [LUBA] for review."

ORS 197.752(1) provides:

> "Lands within urban growth boundaries shall be available for urban development concurrent with the provision of key urban facilities and services in accordance with locally adopted development standards."[1]

Petitioners argue that, under ORS 197.825(2)(a), they could not have appealed from the city council's approval and referral of the proposal, because the election rather than the council's action was the final local "remedy." We think that petitioners read ORS 197.825(2)(a) in a vacuum and that, when read with other relevant provisions, it cannot have the meaning petitioners ascribe to it. ORS 197.015(10) defines "land use decision." ORS 197.825(1) gives LUBA jurisdiction to review all land use decisions by local governments, except as provided in ORS 197.825(2) and (3). In that context, ORS 197.825(2)(a) does no more than state an exception to a general grant of jurisdiction. It does not add to the ORS 197.015(10) definition of what a land use decision is, and it does not purport to give LUBA jurisdiction to review anything that is not a land use decision. Accordingly, if the election here was not a reviewable land use decision for other reasons, ORS 197.825(2)(a) does not make it so simply because it came later in time than the land use decision the city council made.[2]

Petitioners also argue that the election was a land use decision for another reason. They contend that the election concerned the application of the city's comprehensive plan and was therefore a land use decision under ORS 197.015(10)(a)(A). The essence of petitioners' argument is that, in view of relevant provisions of the city's comprehensive plan and of the council's findings in connection with the annexation proposal, the annexation was "essential to the availability of needed land" under the plan and was therefore mandatory under ORS 197.752(1).[3] Petitioners conclude that

---

[1] The land contemplated by the annexation proposal is within the city's urban growth boundary.

[2] Petitioners do not argue that ORS 197.825(2)(a) would enable them to defer an appeal from the city council's decision until after the election, and we do not consider that question. Their argument is that the election, rather than the council's action, was the appealable event.

[3] The city charter makes elections on annexation proposals mandatory, unless the annexation is "mandated by state law." *See Stewart v. City of Corvallis, supra.*

"[t]he voters were bound by that obligation. Their decision therefore concerned the application of the plan."

Even assuming petitioners' substantive understanding of the plan and of ORS 197.752(1) to be correct, it does not assist them in this appeal. There is no such thing in this country as an *election* that must have a certain mandated result. *If* the *annexation* was mandatory under the statute, the city council had the duty to take final action on the proposal, and so the referral to the voters was not valid. However, petitioners challenge only the election result and did not appeal from the city council's decisions to approve and refer the annexation proposal. LUBA correctly concluded that it does not have jurisdiction.

Affirmed.