Argued and submitted December 28, 1984, order vacated February 27, City of Portland's reconsideration and City of Gresham's reconsideration allowed, Portland Metropolitan Area LGBC's reconsideration denied, former opinion supplemented and adhered to May 22, 1985

See 73 Or App 577, 700 P2d 695 (1985)

# MID-COUNTY FUTURE ALTERNATIVES COMMITTEE et al,
*Petitioners,*

*v.*

# PORTLAND METROPOLITAN AREA LOCAL GOVERNMENT BOUNDARY COMMISSION,
*Respondent,*

# CITY OF PORTLAND et al,
*Intervenors - Respondents.*

(1950; CA A30904)

695 P2d 937

Richard C. Goss, Portland, argued the cause for petitioners. With him on the brief was George E. Birnie, Portland.

Michael B. Huston, Assistant Attorney General, Portland, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Thomas R. Williams, Portland, argued the cause for intervenor - respondent City of Portland. On the brief was Kathryn Beaumont Imperati, Portland.

Matthew R. Baines, Gresham, argued the cause for intervenor - respondent City of Gresham. With him on the brief was Thomas Sponsler, Gresham.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

On August 18, 1983, the City of Fairview filed a petition and related documents with the respondent Boundary Commission as part of a process to consolidate the city with unincorporated territory in Multnomah County and to form the new city of Columbia Ridge. ORS 199.460-.480. On December 8, fewer than 120 days after the filing of the documents, the chairperson of the commission signed a final order disapproving the consolidation and terminating further consolidation proceedings under ORS ch 222. ORS 199.480(2). However, the commission's order was not mailed to the city until December 20, more than 120 days after the city had filed the petition. Petitioners appeal from the commission's order. They contend, *inter alia,* that under ORS 199.476(3) the commission's failure to transmit the order to the city within 120 days after its August 18 filing resulted in automatic approval of the consolidation petition by the commission.

ORS 199.476 provides, in relevant part:

"(2) The proceeding under [ORS ch 222] shall be suspended from the date the petition is filed with the filing agency until the date the commission files a certified copy of its final order with the filing agency. Suspension of the proceedings under this section shall not continue for more than 120 days after the date the commission receives the petition.

"(3) If the decision of the commission on the petition is not filed with the filing agency within the 120 days, the petition shall be considered approved by the commission.

"(4) Notwithstanding subsection (3) of this section, if a final order of a commission is appealed for review by the Court of Appeals and a copy of the petition for judicial review is filed with the filing agency within 60 days after the date on which the final order is issued, the suspension period shall be extended and continue until the petition for judicial review is determined and the results thereof certified to the filing agency."

*See also* ORS 199.480.

Petitioners argue, in essence, that ORS 199.476(3) means exactly what it says. The commission and intervenors

argue[1] that (1) a literal construction of that subsection would be contrary to the general purposes and intent of ORS ch 199, and the commission's action was consistent with the statutory purposes; (2) even if the 120-day limit is construed literally, the commission substantially complied with the requirement; (3) under ORS 199.476(4), petitioners' appeal to this court reactivated the suspension of the ORS ch 222 proceedings and eliminated any automatic approval of the proposal that resulted from the untimeliness of the commission's action; (4) the 120-day provision of ORS 199.476(3) is directory rather than mandatory; and (5) deleterious effects to these parties and the law would follow from a strict interpretation of ORS 199.476(3).

■     Little needs to be said about the commission's and intervenors' first, fourth and fifth arguments. The first and fourth are effectively answered by petitioners' observation that

> "[t]he legislature has made the statute as clear as it could that if the Commission does not file a certified copy of its order within 120 days, the petition is as valid as if the Commission had approved it. If [ORS 199.476(3)] does not apply to the case at bar, there is no case that it applies to and the statute is meaningless."

The answer to the fifth argument is that the consequences that might ensue from the enforcement of an unambiguous and valid statute are for the legislature to consider and are not for us to weigh in construing the statute.

The commission's and the intervenors' substantial compliance argument turns on the fact that the commission did *almost* everything the applicable statutes require and that its order was in fact prepared and signed within the 120-day period.[2] They also argue that petitioners were not prejudiced by the delay. Counsel for the commission urged at oral argument that the "administrative screw-up" of failing to transmit the order to the City of Fairview within the 120-day

---

[1] The arguments on this issue are contained, in the main, in the brief of the intervenor City of Gresham and are adopted by the commission and the intervenor City of Portland in their briefs.

[2] It does not appear in the record that *any* document relating to the commission's decision was delivered to the city after the chairperson signed the order and within the 120-day limit.

statutory period should not nullify the action on and disapproval of the petition that the commission did complete within that period.

■　　Petitioners rely by analogy on Oregon appellate court decisions that have adopted a substantial compliance rationale in election cases and in cases involving the sufficiency of notices under the Tort Claims Act. Those decisions are not persuasive by analogy, because they are not analogous. There is a strong policy incentive to sustain the validity of elections and the validity of a notice that, notwithstanding its technical insufficiency, reaches and imparts the necessary information to an opposing litigant. Conversely, as the intervenor City of Gresham states in its brief, the objective of ORS 199.476(3) is "to allow the [consolidation] process to continue if the Boundary Commission took no action on a proposal in a timely manner." There is no policy or other reason discernible to us why the legislature would have intended the language of ORS 199.476(3) other than literally. None of the statutes that were held to have been "substantially complied" with in the cases on which the commission and the intervenors rely was as clear and imperative as ORS 199.476(3) is in its statement that a particular consequence follows from an event. There is nothing in the very precise language of the statute that would make a substantial compliance interpretation possible, even assuming one were desirable.

The commission's and the intervenors' remaining argument concerning ORS 199.476 is that, if the suspension of the ORS ch 222 proceedings did end and the petition was considered approved after the 120-day period elapsed, those effects were cancelled pursuant to ORS 199.476(4) when petitioners sought review in this court. The apparent purpose of ORS 199.476(4) is simply to extend the 120-day period that ORS ch 222 consolidation proceedings can be suspended until any appeal that is taken from a boundary commission's order is decided. Subsection (4) refers expressly to the extension of the suspension period, and it says nothing to indicate that an appeal has any effect on an automatic approval that results from commission inaction. However, subsection (4) begins with the words "[n]otwithstanding subsection (3) of this section." (Emphasis supplied.) The suspension period that subsection (4) extends is defined in subsection (2); subsection (3) provides that the commission's failure to complete the

process within that period results in approval of the petition; but subsection (3) adds nothing to the definition of the suspension period that subsection (4) says an appeal extends, "notwithstanding subsection (3)."[3]

■■■ In short, subsection (4) is confusing. Its introductory clause is a *non sequitur* in the context of the language that follows. The operative language of the subsection pertains only to the extension of the suspension period if an appeal is taken from a final order, and we do not construe the introductory clause as having any independent effect on an approval that results from the boundary commission's failure to file a timely final order. It is not at all likely that the legislature intended that a petition that had once achieved approval because the boundary commission had not taken timely action to disapprove it should lose that statutory approval because an appeal was taken from an order that the commission issued after the time the statute allowed for it to do so had passed. We hold that the commission was conclusively deemed to have approved the petition before it filed its order with the city and that the later filed order is a nullity.

Order vacated.[4]

---

[3] The parties do not suggest, and we find nothing to indicate, that the reference to subsection (3) rather than subsection (2) was a scrivener's error, as distinct from the legislature's enactment of a confusing provision.

[4] The intervenor *City of Portland* argues that the commission had *no jurisdiction over the petition, because the petition did not relate to a consolidation under ORS ch 222 and, therefore, did not involve a "boundary change" subject to the commission's jurisdiction. See* ORS 199.415(4), 199.415(12), 199.460. The thrust of the argument is that a consolidation must involve at least two cities rather than a single city and unincorporated territory. ORS 222.210 provides, in relevant part:

"An incorporated city may be created from adjoining or nonadjoining incorporated cities, *from an incorporated city and adjoining or nonadjoining unincorporated territory,* or from both, after proceedings had as required by ORS 222.210 to 222.310." (Emphasis supplied.)

The intervenor advances an ornate argument, buttressed by legislative history, that the emphasized language

"is unclear as to whether a consolidation proposal may include only one city from its inception or whether the result of a consolidation including one city may occur only in accordance with the procedures established in the remainder of the consolidation statutes - procedures which require the participation of more than one city. Analysis of the legislative history of the consolidation statutes demonstrates that the latter interpretation is correct * * *."

We find no lack of clarity in the language of ORS 222.210, and we reject the argument.

At oral argument, the parties raised another jurisdictional issue—that the copy of

the order the commission ultimately sent to the City of Fairview was not certified, as required by ORS 199.476(2), and that the time for petitioning for judicial review therefore has not yet begun to run. There is no question about the order's finality, as distinct from its having any effect, and the defect in its ultimate service on the city has no jurisdictional significance under ORS 199.476(2). *See* ORS 183.482(2).