Argued and submitted December 28, 1984, affirmed February 27, reconsideration denied March 22, petition for review denied May 21, 1985 (299 Or 203)

The ALOHA INCORPORATION ADVISORY
COMMITTEE et al,
*Petitioners,*

*v.*

PORTLAND METROPOLITAN AREA LOCAL
GOVERNMENT BOUNDARY COMMISSION,
*Respondent.*

(1965; CA A31510)

695 P2d 941

Henry Kane, Beaverton, argued the cause and filed the briefs for petitioners.

Michael Huston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

■■     Petitioners seek review of the respondent boundary commission's order disapproving and terminating ORS chapter 221 incorporation proceedings on petitioners' proposal to incorporate the city of Aloha in Washington County. ORS 199.480(2). Petitioners did not tender the required filing fee to the commission until one month after the petition was filed. The commission issued its decision within 120 days after the fee was paid, but not within 120 days after the filing of the petition. Petitioners' first argument is that because the commission failed to issue and file its final order with Washington County within 120 days after the earlier date, the petition was automatically approved pursuant to ORS 199.476(3).[1] *See Mid-County Future Alt. v. Port. Metro. Area LGBC,* 72 Or App 235, 695 P2d 937 (1985). The commission argues that, under ORS 199.457(3) and OAR 193-10-000(1),[2] "it had clear authority to require the filing fee before processing the petition." We agree with the commission. The 120-day period did not begin to run until the filing was completed by the payment of the fee.

In their second assignment of error, petitioners argue, *inter alia,* that the commission's disapproval of the

---

[1] ORS 199.476(2) and (3) provide:

"(2) The proceeding under the principal Act shall be suspended from the date the petition is filed with the filing agency until the date the commission files a certified copy of its final order with the filing agency. Suspension of the proceeding under this section shall not continue for more than 120 days after the date the commission receives the petition.

"(3) If the decision of the commission on the petition is not filed with the filing agency within the 120 days, the petition shall be considered approved by the commission."

[2] ORS 199.457(3) provides:

"A boundary commission, with the approval of the advisory committee appointed under ORS 199.450, may establish and collect reasonable service charges from persons, cities, the county or counties and special districts within its jurisdiction to defray the costs of operating the commission and carrying out the purposes of ORS 199.410 to 199.519. Such charges shall include, but not be limited to, fees for filing a petition or resolution for a boundary change with the commission."

OAR 193-10-000(1) provides, as relevant:

"No proposal for a boundary change * * * shall be considered filed with the Commission unless accompanied by a filing fee in the amount indicated in section (5) of this rule."

petition and its concomitant preclusion of a popular vote on the incorporation proposal deprived petitioners of the rights they ascribe to the Home Rule Amendments to the Oregon Constitution (Article IV, section 1(5), and Article XI, section 2[3]) "to initiate and vote on incorporation of a city." The fundamental difficulty with petitioners' argument is that they confuse statutory procedures with constitutional rights. The procedure for incorporating a city is statutory, and the statutes provide for the initiation of incorporation proposals by petition and for elections on proposals that satisfy statutory and other legal prerequisites to incorporation. ORS 221.010 *et seq.* The Home Rule Amendments pertain to initiative, referendum and electoral rights but, at least facially, they do not have any independent bearing on when cities may be created.

Petitioners assume, but do not demonstrate in their lengthy argument, that their claimed right to initiate and vote on incorporation proposals has a constitutional dimension that precludes the limitations on incorporation that the legislature has established through the boundary commission procedure of ORS chapter 199. When all is said and done, petitioners' premise seems to be that, because the statutory incorporation process involves petitions and elections and because the home rule amendments also refer to initiative petitions and elections, there is an absolute constitutional right to a popular vote on incorporation petitions that satisfy the requirements of ORS chapter 221 but not those of ORS chapter 199. That premise is patently faulty. The fact that the Home Rule amendments grant or reserve electoral rights to the people of cities does not mean that *every event* is subject to final local electoral resolution, free of any state legislative

---

[3] Article IV, section 1(5), provides, in relevant part:

"The initiative and referendum powers reserved to the people by subsections (2) and (3) of this section are further reserved to the qualified voters of each municipality and district as to all local, special and municipal legislation of every character in or for their municipality or district. The manner of exercising those powers shall be provided by general laws, but cities may provide the manner of exercising those powers as to their municipal legislation. * * *"

Article XI, section 2, provides, as relevant:

"Corporations may be formed under general laws, but shall not be created by the Legislative Assembly by special laws. The Legislative Assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter * * *."

conditions on whether and when the event may come about. *See City of Roseburg v. Roseburg City Firefighters,* 292 Or 266, 285-87, 639 P2d 90 (1981). The Supreme Court and this court have repeatedly recognized that the permissibility of annexations and incorporations is subject to state law. *See, e.g., Petersen v. Klamath Falls,* 279 Or 249, 566 P2d 1193 (1977); *Heritage Enterprises v. City of Corvallis,* 71 Or App 581, 693 P2d 651 (1985); *1000 Friends of Ore. v. Wasco Co. Court,* 62 Or App 75, 659 P2d 1001, *rev den* 295 Or 259 (1983). Indeed, it has also been recognized that, under some circumstances, the state legislature can *require* annexations without a public vote. *See State ex rel Rodriquez v. Gebbie,* 289 Or 399, 614 P2d 1144 (1980).

■■ Of the many cases petitioners cite in support of their argument, only two are even arguably close to the point, and those cases are not close enough. *Thurber v. McMinnville,* 63 Or 410, 128 P 43 (1912), and *Rivergate Residents Assn. v. Portland Metro Area,* 70 Or App 205, 689 P2d 326 (1984), *rev den* 298 Or 553 (1985), suggest that persons in areas proposed for annexation may have a constitutional right to vote on the proposal before annexation can occur. However, that suggestion is very different from the proposition petitioners advance. *Thurber* and *Rivergate* indicate that, if all other conditions for annexation are satisfied, a popular vote may be required before the annexation proposal is finally adopted. Petitioners' argument is that, whether or not the statutory conditions for incorporation have been satisfied, the Home Rule Amendments require that there be a popular vote on the proposed incorporation. We reject that argument, and we conclude that neither the boundary commission statutes nor the boundary commission's action violated any rights of petitioners under the Home Rule Amendments.

■ Petitioners make a number of other contentions in support of their second assignment. They argue that the boundary commission statutes are not general laws and that they therefore violate Article XI, section 2; that the boundary commission statutes as applied here violate petitioners' due process and equal protection rights; and that petitioners' right to a popular vote on the incorporation proposal is vouchsafed by Article I, section 1, of the Oregon Constitution, which declares that the people have the "right to alter, reform, or abolish the government in such manner as they may think

proper." We have considered those arguments, and we reject them without further comment. We also find no need to discuss petitioners' arguments under their third assignment of error.

Affirmed.