Argued and submitted February 1, affirmed March 6, 1985

## CITY OF FAIRVIEW et al,
*Appellants,*

*v.*

## PORTLAND METROPOLITAN AREA LOCAL GOVERNMENT BOUNDARY COMMISSION,
*Respondent.*

(A8401-00419; CA A31680)

696 P2d 17

William L. Brunner, Fairview City Attorney, Portland, argued the cause and filed the brief for appellants.

Michael B. Huston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Thomas Sponsler, City Attorney and Matthew R. Baines, Gresham, filed a brief amicus curiae for City of Gresham.

Thomas R. Williams, Portland, filed a brief amicus curiae for City of Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiffs appeal from the trial court's dismissal of this declaratory judgment action. The basis for the trial court's ruling was that the action is, in effect, a proceeding to review an order of the defendant Boundary Commission and that this court, rather than the circuit court, has jurisdiction to review such orders. ORS 199.461(4); *see Consolidated Metco. v. City of Portland,* 68 Or App 395, 681 P2d 1184, *rev den* 297 Or 824 (1984).

The controversy that gave rise to this proceeding is the same as that in *Mid-County Future Alt. v. Port. Metro. Area LGBC,* 72 Or App 235, 695 P2d 937 (1985), and the relevant facts are stated in that opinion. The plaintiffs here were not parties in *Mid-County Future Alt.,* and their interests differ somewhat from those of the petitioners in that case. As explained in its brief, the plaintiff city's principal objective in bringing this action is to determine whether it should proceed with the procedures that would be required by ORS chapter 199 and chapter 222 if the Commission's order purporting to disapprove the consolidation proposal were void.[1] Stated otherwise, the city is less interested in having the Commission's order reversed or vacated than in obtaining a judicial determination of what its responsibilities are. Plaintiffs argue, not illogically, that the declaratory judgment procedure is peculiarly well adapted to making that kind of judicial determination.

However, substantial as plaintiffs' reasons for bringing the action were, the substance of what they sought was a judicial review of the boundary commission's order. For the reasons stated in *Consolidated Metco v. City of Portland, supra,* and the authorities cited there, this court has exclusive jurisdiction to review the order. The trial court did not err by dismissing the action.

Affirmed.

---

[1] That question has been answered by our decision in *Mid-County Future Alt. v. Port. Metro. Area LGBC, supra.*